WENDELL *vs.* THE CITY OF BROOKLYN.

The common council of the city of Brooklyn has authority, under the city charter, to add to the duties of the health officer of the city, as prescribed in the charter, the duty of inspecting, and granting certificates to police officers and candidates for the place of police officer, of their physical fitness for the duties imposed upon them.

The common council has no power to pay the health officer for specific services, while he is receiving an annual salary from the corporation, as health officer; and if it sees fit to add to the duties of the office, by requiring from him the performance of a specified service, no implied assumpsit to pay him therefor can arise.

THIS was an appeal from a judgment of the city court of Brooklyn. In 1853 the plaintiff was health officer of the city of Brooklyn. On the 21st of January, 1853, the common council passed the following resolution:

" Resolved, That the policemen of the city of Brooklyn, already appointed, as well as those to be hereafter appointed, be ordered to appear individually before the officer of health for inspection; and that each policeman shall present to the mayor, before March the first next, a certificate from the aforesaid officer, setting forth his physical qualifications for a proper discharge of his duties."

Pursuant to this resolution, 146 policemen presented themselves to the plaintiff, and were examined by him, for which services he charged the defendants $2 for each examination. The plaintiff, as health officer, received a fixed salary of $500, which was regularly paid to him. Upon these facts appearing, the defendants moved that the complaint be dismissed. The court denied the motion, and the defendants excepted. The court charged the jury that the plaintiff was entitled to recover a fair compensation for his services; to which the defendants excepted. The jury found a verdict for the plaintiff for $292 and costs; and from the judgment entered thereon the defendants appealed.

*S. E. Johnson*, for the defendants.

*C. J. Jack*, for the plaintiff.

*By the Court*, BROWN, J. The plaintiff is the health officer of the city of Brooklyn, and the action is brought to recover compensation for services rendered in the examination of 146 policemen, and granting them certificates of physical capacity for their position.

The resolution of the common council of the 21st January, 1853, directed the policemen already appointed, as well as those to be thereafter appointed, to appear individually before the health officer for inspection; and further directed that each policeman should present to the mayor, before the first of March thereafter, a certificate from such officer setting forth his physical qualifications for a proper discharge of his

duties. This resolution contains all that was offered on the trial to show the plaintiff's retainer to perform the service for which he claims compensation. And in my judgment it resembles much more an order upon the policemen to show and make out their physical ability to hold their several offices, than an employment of the plaintiff to perform this particular service for the city. The direction is not to the health officer to make the examination, but to the policemen to go to him and procure his certificate, as the condition upon which those already appointed were to retain their places, and those not appointed were to be taken into the public service. It seems to me, if the plaintiff can make any valid claim for the services, his claim is rather against the persons obtaining his certificate than against the city.

At the time the services were rendered, the plaintiff was the health officer of the city of Brooklyn, at a fixed salary of $500 a year, which he says has been regularly paid. The resolution refers to him in his official character as health officer, and not to him in his private professional character. It is evident that the common council, if they can be regarded as employing him at all, intended to avail themselves of his public official services. These they had a right to, as will be seen by reference to the provisions of their charter. The health officer is one of the public functionaries of the city, and some of his duties are prescribed by section 10 of the 9th title of the act of the 14th April, 1850, to amend and revise the several acts relating to the city of Brooklyn. Subdivision 32 of section 13 of title 2 gives the common council power to define and limit the duties which are by the act required to be performed by the several officers of the city, and to prescribe such other or further duties to be performed by them, or any of them, as it may deem proper. The common council, therefore, had express authority to add to the duties of the health officer, as prescribed in the act, the duty of inspecting and granting certificates to police officers and candidates for the place of police officer, of their physical fitness

for the duties imposed upon them. And if the common council saw fit thus to add to the duties of the health officer, it by no means undertook to compensate him specifically for such additional duties. But the common council are not authorized to pay the health officer for specific services. Section 27 of title 3 seems to have been framed with a view to prevent any thing of the kind. It declares that "the common council shall grant and pay to the mayor, comptroller, street commissioner, chief of police, collector of taxes, attorney and counsellor, treasurer, and all other officers, assessors, commissioners, clerks, and other subordinates, elected or appointed under or in pursuance of this act, (except aldermen,) such stated salaries as it may from time to time deem proper, or shall be fixed by this act; but such salaries shall be instead of all fees and perquisites for services to be performed by such officers;" with the further provision, that such salaries shall neither be increased nor diminished during the continuance of the term for which the incumbent is elected. This provision for a fixed salary, to continue during the term, implies that the officers shall not be compensated in any other form. If the health officer may take his salary and claim compensation for specific services, upon the ground that they are special and extraordinary, who shall fix the line of separation at which the services cease to be ordinary and usual, and become unusual and extraordinary? If the health officer, who is a salaried officer of the city, can make a valid claim to compensation for making the examination of the policemen, why may not the policemen have an equally valid claim for submitting to the examination? They, too, are salaried officers, and, like the health officer, are within the meaning of section 27, to which I have referred. When the common council referred it to the health officer to inspect these policemen, it became a part of his general duties as such health officer, which, under the 32d subdivision of section 13, to which I have also referred, it had a right to impose upon him; and no implied assumpsit

can arise upon the resolution, which is the foundation of the plaintiff's action.

The judgment of the city court should be reversed, and a new trial ordered, with costs to abide the event.

[DUTCHESS GENERAL TERM, May 9, 1859. *Brown, Emott* and *Lott,* Justices.]

