THE BOARD OF SUPERVISORS OF ERIE COUNTY, Respondent, *v.* HENRY R. JONES, Appellant.

Under and by the provision of the act of 1881 (Chap. 557, Laws of 1881), declaring that every county treasurer thereafter elected or appointed in the county of Erie, "shall receive, as compensation for his services," an annual salary to be fixed before he enters upon the duties of his office, the six months' limitation of the act of 1877 (Chap. 436, Laws of 1877) became inapplicable, and it became lawful for the board of supervisors to fix the next treasurer's salary at any time before his election, and the salary, so fixed, is the only compensation he is entitled to for the entire and complete performance of all his official duties.

Accordingly, *held,* that defendant, who was elected county treasurer at the November election in said county, following the passage of said act of 1881, the board of supervisors having previously fixed his salary, was only entitled to the salary so fixed; and he having withheld the fees collected by him and refused to pay the same over to the county, which, under the act of 1880 (Chap. 233, Laws of 1880) was entitled to them, that an action was maintainable against him, on behalf of the county, by its board of supervisors, to recover the same.

(Argued January 21, 1890; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of June, 1888, which affirmed a judg-

ment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought to recover the sum of $9,626.84, claimed to have been retained by defendant, wrongfully and unlawfully, while in the discharge of the duties of the office of treasurer of the county of Erie, during the years 1882 and 1883.

The facts are sufficiently stated in the opinion.

*George J. Sicard* for appellant. The county treasurer of Erie county was entitled by law to receive and retain for his own use several classes of fees and commissions mentioned in the plaintiff's complaint. (Laws of 1877, chap. 436, § 5; Laws of 1880, chaps. 223, 580; Laws of 1881, chap. 441; *Ely* v. *Holton*, 15 N. Y. 595; *People* v. *Hartung*, 26 id. 172; *Moore* v. *Massert*, 49 id. 332.) There is no interdiction, either in terms or by reasonable implication, of the treasurer's right to receive as his own the "fees, commissions and percentages," which, as it is conceded, constituted the compensation of the county treasurer before the statute of 1877 was enacted. (Laws of 1846, chap. 189; Laws of 1859, chap. 164; Dwarris on Statutes, 532; Sedgwick on Stat. Cons. 98.) Assuming that the court should agree with our contention that, by force of chapter 580 of the Laws of 1880, the county of Erie was not within the operation of the statute of 1877, as amended by chapter 233, of 1880, it results that defendant had a perfect right to retain in his hands, as against the county, the fees and commissions for "paying over to the comptroller the moneys received by defendant as treasurer as aforesaid, and being the state taxes due from the county of Erie." (*Board of Super.* v. *Otis*, 62 N. Y. 88; 2 R. S. [8th ed.] 1048, § 18; *Dewey* v. *Supervisors*, 62 N. Y. 294.) The defendant had a right to retain in his hands those commissions and fees referred to in the second item of plaintiff's demand, viz.: $2,047.69 for receiving and paying out moneys deposited upon court orders in infant's proceedings and analogous cases. (Laws of 1849, chap. 357; Code Civ. Pro. § 3321.)

*Chas. F. Tabor*, for respondent. The statute of 1877 and the amendment of 1880, was, at the time when the defendant was elected county treasurer, November, 1881, in force and operation in the county of Erie. (Laws of 1846, chap. 189; Laws of 1863, chap. 393, § 5; Laws of 1871, chap. 110; Laws of 1855, chap. 340, § 1; Laws of 1859, chap. 162, §§ 11, 12; Laws of 1877, chap. 436; Laws of 1880, chap. 233, 580; Laws of 1881, chap. 557.) The act of 1877 repealed all other acts, special or otherwise, relating to the compensation of county treasurers in this state outside of the counties of Seneca and Monroe. (*People ex rel.* v. *Bd. of Supervisors,* 73 N. Y. 173; *Bd. of Supervisors* v. *Allen,* 99 id. 532; *People* v. *Jaehne,* 103 id. 194.) The legislature in 1881 intended, by chapter 411 of the Laws of that year, to restore Erie county to the provisions of the act of 1877. (*Smith* v. *People,* 47 N. Y. 339; 70 id. 236; *People ex rel.* v. *Lacombe,* 99 id. 53; 43 id. 132; *People ex rel.* v. *D' Oench,* 44 Hun, 41; 115 id. 210; *Board of Supervisors* v. *Allen,* 99 N. Y. 537.) The legislature had the power at any time to regulate and fix the salary of a county treasurer. (*Connor* v. *Mayor, etc.,* 5 N. Y. 285; *Long* v. *Mayor, etc.,* 81 id. 425; *Mungam* v. *City of Brooklyn,* 98 id. 585.) Chapter 557 of the Laws of 1881, standing alone and without the aid of the act of 1877, is sufficient for all the purposes of this case and to sustain the judgment herein. (*Baker* v. *City of Utica,* 19 N. Y. 326; *O' Gormon* v. *Mayor, etc.,* 67 id. 486; *In re N. Y. C. & H. R. R. R. Co.* 7 Abb. [N. C.] 408; Code Civ. Pro. §§ 3280, 3330.)

FINCH, J. The current of legislation intended to change the compensation of county treasurers began with the act of 1877 (Chap. 436). It found those officers, under the operation of existing laws, receiving for their services fees and commissions charged upon the taxpayers or payable out of the fund. The compensation thus obtained was very unequal in the different counties, and in many of them largely in excess of the real value of the services rendered. To remedy this defect the act of 1877 was passed, which changed the

compensation from fees and commissions to an annual salary to be fixed by the board of supervisors at least six months before the officer's election, and which should not be increased or diminished during his term of office. (§ 5.) What was meant by the expression "as compensation", was put beyond any doubt or question by a negative provision, that he should "not receive to his use any interest, fees, or other compensation for his services except in proceedings for the sale of lands for unpaid taxes." The phrase, "as compensation for his services," therefore, meant full and complete and entire compensation for all services beyond those specifically excepted. Two counties, Monroe and Seneca, by section 10, were withdrawn from the operation of the act. In 1880 (chap. 233) an amendment was passed further indicating the legislative intent. It provided that the fees and commissions allowed by law before the act of 1877 might still be collected by the county treasurer, but for the use of the county which paid him his salary and not for his own use and benefit. Whatever he received from such services was to go to the county, and his entire compensation come from the county in the form of an annual salary. In that same year (chap. 580) a long list of counties was added to the two originally exempted from the operation of the act, and among these was the county of Erie. Apparently that exemption produced dissatisfaction, for in 1881 (chap. 441), the section which granted the exemption was amended by striking out the county of Erie, with an obvious intent to leave it under the operation of the act of 1877 as it was before by the amendment of 1880, its exemption had been secured. Very likely these changes were the outcome of a struggle between the officials and the taxpayers, in which first one and then the other prevailed. But the act of 1881 had two defects. By its terms it was to take effect January 1, 1882, and it made no provision for an emergency which was approaching. A new treasurer was to be elected in November of 1881, and six months did not remain preceding that election, so that the salary of the new official could be fixed the requisite length of time before his election, as provided by

the act of 1877; and the amendment of 1881, not becoming effective until after the election of that year, might not apply to the new officer and so postpone the legislative purpose until the end of his term. To remedy these defects chapter 557 of the laws of 1881 was passed. It was enacted at the same session of the legislature which restored Erie to the list of counties whose treasurers were made salaried officers, and within about a month later than the previous act. It became a law in June, taking effect immediately. It provided that, "Every county treasurer hereafter elected or appointed in the county of Erie shall receive as compensation for his services an annual salary of not less than five thousand dollars, to be fixed by the board of supervisors before he shall enter upon the duties of his office;" and its second section added: "This act shall take effect immediately." By these provisions the six months limitation of the act of 1877 was made inapplicable, and it became lawful for the board of supervisors to fix the next treasurer's salary at any time before his election. The further difficulty in the act of 1881, arising from the postponement of its effective operation to the first day of the next year, was also obviated by making the last act take effect at once.

At the November election following the passage of this act the defendant was chosen county treasurer, the board of supervisors having previously fixed his salary. Notwithstanding, he has withheld the fees collected by him, claiming that they are rightfully his and refusing to pay them over to the county. Judgment for their amount has gone against him, which has been affirmed by the General Term.

The chief ground of his contention is that the act of June, 1881, does not in express terms forbid the receipt of fees by the county treasurer or repeal by implication the laws under which, before 1877, the county treasurers were entitled to receive them. But I think that is a very narrow interpretation and more nice than wise. If the statute of June, 1881, stood alone it would, by the force of its own terms, substitute an annual salary for fees. When it declares that the county treasurer shall receive, "as compensation for his services," an

annual salary, it very plainly implies that such salary is to be his sole and only reward. "For his services" means for all his services, for the entire and complete performance of his official duties, and a specific compensation awarded for those services implies the full and entire compensation to which he is entitled. But this natural interpretation of the language becomes conclusive when the statute is read in connection with the legislation on the same subject. The act of 1877 defined the phrase "as compensation for his services" so fully and explicitly as to leave no possible room for doubt. The later legislation on the same subject repeats the phrase, which must retain the meaning attached and not bear a new and different one. The inference from the statutes read together, and in the light of the evil they were intended to remedy, becomes irresistible.

The judgment was right, and should be affirmed with costs. All concur.

Judgment affirmed. _____