ADDISON L. UPHAM, Appellant, *v.* THE STATE OF NEW YORK,
Respondent.

COUNTY TREASURERS — FEES OF, FOR RECEIVING AND PAYING OVER
STATE TAX AND SCHOOL MONEYS — CONSTRUCTION OF COUNTY LAW AND
STATUTES RELATING THERETO.    The provision of the County Law relat-
ing to the fees of county treasurers for receiving and paying over the state
tax and school moneys (L. 1892, ch. 686, § 143, subd. 5) does not purport
or attempt to fix the compensation of such treasurers, but continues the
compensation to which they ,may be entitled under existing laws, but
not in any county to exceed the sum of $2,000; it does not operate to
amend or change the limitation previously fixed by the statute (L. 1871,
ch. 110, § 1) providing that "The several county treasurers of this state
*  *  *   shall be entitled to retain a commission of one per centum on
every dollar belonging to the state which they shall receive and pay over,
to wit, one-half of one per centum for receiving and one-half of one per
centum for disbursing, but in no case to exceed the sum of five hundred
dollars" except in the counties of Kings, Albany, Otsego, Onondaga,
Erie and Westchester, in which the fees are not restricted to $500, and
in New York county, for which special provisions were made by section
2 of chapter 733 of the Laws of 1872; therefore, the treasurer of a county
not excepted from the provisions of that statute is not entitled to more
than $500 for his fees for receiving and paying over state tax and school
moneys.

*Upham* v. *State of New York,* 62 App. Div. 631, affirmed.

(Argued March 20, 1903;  decided April 7, 1903.)

APPEAL from a judgment of the Appellate Division of the
Supreme  Court in  the  third  judicial department, entered'
October 23, 1901, affirming a judgment in favor of defendant
entered upon a decision of the Court of Claims.

The facts, so far as material, are stated in the opinion.

*John Lansing* for appellant.    As the provision in chap.
ter 110 of the Laws of 1871, limiting the compensation to

$500, is inconsistent with the provision in the County Law of 1892, limiting the compensation to $2,000, such limitation of compensation was abrogated by the provisions of the County Law, especially as the County Law was a general law for the whole state, and intended to establish a uniform rule for the compensation of county treasurers throughout the whole state, except New York county. (*Davies* v. *Fairburn*, 3 How. [U. S.] 636; *Mongoon* v. *People*, 55 N. Y. 613; *Matter of Curser*, 89 N. Y. 401; *Hankin* v. *Mayor*, etc., 64 N. Y. 19; *Ackerman* v. *Supervisors of Niagara*, 55 N. Y. S. R. 277; *Reinhard* v. *Fritzsche*, 69 Hun, 565; *Woods* v. *Supervisors*, 136 N. Y. 403; *People* v. *Bd. Suprs.*, 73 N. Y. 173; *Bowen* v. *Lease*, 5 Hill, 221; *City of Buffalo* v. *Neal*, 86 Hun, 76.) The construction of the statute claimed for the state, that the limit of $2,000 applies only to the county treasurers of the counties excepted by the law of 1871, cannot be sustained under the well-recognized rule that a special statute providing for a particular case as applicable to a particular locality is not repealed by a statute general in its terms and application unless the intention of the legislature to repeal or alter the special law is manifest although the terms of the general act would, if strictly construed, but for the special law, include the case or cases provided for by it. (*Casterton* v. *Town of Vienna*, 163 N. Y. 368; *Parker* v. *E., C. & N. R. R. Co.*, 165 N. Y. 274; *B. C. Assn.* v. *City of Buffalo*, 118 N. Y. 61; *People* v. *N. Y. C. Protectory*, 101 N. Y. 195; *City of Buffalo* v. *Neal*, 86 Hun, 76; *Matter of R. W. Comrs.*, 66 N. Y. 415.) The appellant was entitled to receive from the state for his fees for receiving and disbursing the school money in his county one per centum on the amount of such receipts and payments. (*Seymour* v. *Minturn*, 17 Johns. 169; *Keiler* v. *Salisbury*, 33 N. Y. 648.)

*John Cunneen* and *S. S. Taylor* for respondent. Chapter 146, Laws of 1899, did not create or imply any liability on the part of the state for this claim. (Code Civ. Pro. § 264; L. 1899, ch. 146, § 2; *Cole* v. *State*, 102 N. Y. 52; *O'Hara*

v. *State*, 112 N. Y. 152.)   The fees of the claimant as county
treasurer of Jefferson county in the years 1893, 1894, 1895
and 1896 for receiving and disbursing state moneys, including
school funds, could not exceed $500 in each year.  (*People* v.
*Bd. Suprs.*, 73 N. Y. 176 ; L. 1871, ch. 110 ; L. 1892, ch.
686, § 141 ; L. 1895, ch. 558, § 141.)

HAIGHT, J.   The claimant, Addison L. Upham, was the
county treasurer of Jefferson county during the years 1893,
1894, 1895 and 1896.   During each of those years he was
allowed and paid by the comptroller of the state five hundred
dollars for his fees for receiving and paying over the state
tax and school moneys.   He now claims the right to recover
an additional sum as fees, amounting to the sum of two
thousand seven hundred thirty-seven dollars and ninety-nine
cents.

The right of the complainant to recover depends upon the
construction that should be given to the Laws of 1892, chap-
ter 686, section 143, subdivision 5, known as the County
Law.   In order to enable us to correctly understand the pro-
visions of this act it becomes important to examine the prior
legislation upon the subject.   The fees of county treasurers
for receiving and paying over the public moneys were fixed at
one per cent.   (Laws of 1823, ch. 262.)   Subsequently, the
amount of the fees of treasurers so accruing were limited to
the sum of five hundred dollars in each year, except in the
counties of New York and Kings.   (Laws of 1846, ch. 189.)
Then followed the Laws of 1871, chapter 110, section one,
which is as follows : " The several county treasurers of this
state   *   *   *   shall be entitled to retain a commission of
one per centum on every dollar belonging to the state which
they shall receive and pay over, to wit : One-half of one per-
centum for receiving, and one-half of one percentum for dis-
bursing, but in no case to exceed the sum of five hundred dol-
lars.   This act shall not apply to the counties of New York,
Kings, Albany, Otsego, Onondaga, Erie and Westchester."
In the following year special provisions were made for New

York county, under which the chamberlain was paid the sum of five thousand dollars. (Laws of 1872, ch. 733, § 2, p. 1776.) There were other local acts pertaining to the salaries of county treasurers, but none which become material upon the question under consideration until the adoption of the County Law to which we. have referred. By the provisions of that section the county treasurer in each county is required to pay over to the state treasurer one-half of the state tax raised before the fifteenth day of April in each year, and the other half before the fifteenth day of May, " retaining the compensation to which he may be entitled, which shall not in any case ·exceed the sum of two thousand dollars." The contention is that this provision of the statute, in effect, amends the statute of 1871 by enlarging the limitation of five hundred dollars to two thousand dollars.

The County Law is a general statute applying to all of the counties in the state, except the county of New York. The limitations, therefore, established by the provisions of the act as to the compensation of the county treasurer would not apply to the officer in that county discharging the duty of receiving and paying over the funds of the state. The provisions of the County Law do not fix the fees of the county treasurer. The compensation allowed him is that " to which he may be entitled," that is, that which he was allowed under existing laws, but the amount of such compensation was not " in any case," that is, it was not in any county, to exceed the sum of two thousand dollars. The statute of 1871, as we have seen, contained express provisions fixing the fees of county treasurers in all of the counties of the state, with the exception of those specifically excepted from the provisions of the act, and in those counties, as we have seen, under the prior existing statutes the treasurer was entitled to receive one per cent for receiving and paying over the public moneys. The effect, therefore, of specifically reserving certain counties from the provisions of the act of 1871 was to leave the amount of the fees of treasurers of those counties unrestricted by the five-hundred dollar clause ; and, consequently, in those coun-

ties where the percentages upon the amounts paid over exceeded five hundred dollars the treasurers were allowed the excess, so that in some of the excepted counties, as for instance, Albany, Erie, Kings and Westchester, the fees in some years ran up to the sum of two thousand dollars. It was under this existing condition of the statutes that the County Law was adopted. As we have seen, it does not purport or attempt to fix the fees or compensation of the treasurers, but it does continue the compensation of the county treasurers to which they may be entitled under existing laws, but not in any county to exceed the sum of two thousand dollars. We do not understand that this provision operates to amend or change the five-hundred dollar limitation provided for by the laws of 1871; but that, as to the counties excepted from the provisions of that act, except the county of New York, the limitation of two thousand dollars applies and the fees of the treasurers of those counties in no case are permitted to exceed that sum.

Other statutes were adopted in 1896, but inasmuch as they do not affect the plaintiff's claim, they need not now be considered.

The judgment should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, VANN, CULLEN and WERNER, JJ., concur; O'BRIEN, J., not voting.

Judgment affirmed.