Stoves, J.:
This action was brought to recover moneys alleged to .be due as salary. Plaintiff alleges-that there was an existing officer under the charter and by-laws of the city of Syracuse, known as commissioner of public works, and also an officer known as superintendent of sidewalks and sidewalk repairs; that plaintiff was appointed to the position of superintendent of sidewalks and sidewalk repairs, receiving therefor the salary of $1,500 for the first year, and $15 per *135 month for use of a horse in the discharge of the duties of his office; that in the year 1901 he received but $1,200, and alleging that there is still due him the sum of $300 as salary.
The charter of second class cities creates the office of commissioner of public works, and under section 10 T of the act* the commissioner of public works is empowered to “appoint, to'hold office during his pleasure, a deputy and such other subordinates as may be prescribed by the board of estimate and apportionment.”
On February 10, 1900, the commissioner of' public works , of the city of Syracuse appointed the plaintiff superintendent of sidewalks a'nd sidewalk repairs of that city. ,
On the 16th of January, 1900, the board of estimate and apportionment passed the following resolution :
“Resolved, That the following salaries be paid in the Department of Public Works. * * * Bureau of Walks and Sidewalk Repairs, one superintendent.”
At the same time another resolution was adopted as follows:
“ Resolved, That the Department of Public Works be and hereby is granted the following sums of money to cover the expenditures of the following bureaus and branches of the Department of Public . Works, the same to be included in the tax budget for the fiscal year 1900:
“ Bureau <?f Walks.
“ One superintendent of Sidewalks and Sidewalk Repairs, $1,500.” This budget was sent to the common council, and on fday twenty-sixth the budget was approved with the estimate or allowance of $1,500 as salary for superintendent of sidewalks and sidewalk repairs.
In 1901 the board of estimate and apportionment included in its budget which was sent to the common council, an estimate “ one superintendent, $1,200.”
The plaintiff during the year 1900 received $1,500, and during the year 1901 he received $1,200.
Chapter 4 of the Laws of 1902 provides as follows:
“ Section 1. No claim shall be paid and no action at law commenced or recovery had, for unpaid salaries, fees or emoluments for the services of any city official, subordinate or employee in any *136 city of the second class, rendered prior to January first, nineteen hundred and two, until the claim tlierefor shall have been first presented to and passed upon by the board of estimate and apportionment of said city. And no proceeding shall be instituted against said city, or against the board of estimate thereof, on account of such services, salaries, fees or emoluments so rendered prior to January first, nineteen hundred and two, unless the same shall- be commenced or instituted within two months after the passage of this act.
“ § 2. This act shall take effe'ct immediately.”
"- The contention of the appellant upon this appeal is that plaintiff was not a salaried official of the city, and that under the provisions of chapter d of the Laws of 1902 he was not entitled' to maintain this action until the claim had been presented to-the board of'-estimate and apportionment.
The rule of law, which is well settled, is that an officer of a municipality whose salary is fixed by law is entitled to that salary, not as under a contract of employment-, but as an incident to the office, and he cannot be-deprived of it so long as he holds the office.
It is not necessary to cite cases of officials who have been wrongfully prevented from discharging; the duties of their office, who have been permitted to recover the salary incident to the office upon their reinstatement to the duties of the office, and this whether they have, had other employment during their suspension or not. But the more difficult question lying at the root of this case is as to-the position of the plaintiff. The language of the charter is that the commissioner of public works may appoint a deputy and such other subordinates, as may be prescribed, to hold office during his pleasure. In order to create the office it is necessary to have the action of the board of estimate- and apportionment. • There should be, as in every legislative enactment, a manifest intention to create an office which carries with it a stipulated salary! It is not sufficient that there may be an employment at a fixed amount, but there must be sóme evidence of intention to make permanent and fixed .both the position and the.compensation connected therewith.
In this case, the fact that there: is contained in the budget an appropriation for the salary,-of a superintendent "of sidewalks and" sidewalk repairs, and the notification from the -commissioner of public works that he had appointed: a superintendent, dop§ not indi *137 cate the intention of creating an office with any fixed salary or definite term.
It seéms to us there is no such direct and certain declaration of the board of estimate and apportionment to create a salaried office as should be required in order to bring the incumbent within the rule of law above stated. The commissioner had a right to employ such subordinates as the board of estimate and apportionment prescribed. He had the right also, undoubtedly, to employ such persons as he saw fit, to discharge the duties of his office in the care, cleaning, paving, flagging, lighting and improving streets, ways and sidewalks of the city as were conferred upon him by the charter.* So that the mere appropriation of a sum of money by the board of estimate and apportionment for the purpose of paying some one who may have been designated by the commissioner, would not of itself create an official with a certain tenure, and a fixed salary connected therewith; but rather it would be an acquiescence on the part of the'board in. the employment of an individual who should perform certain duties under the direction of the commissioner, and an appropriation for the payment of his compensation. And the subsequent action of all of the parties to the transaction indicates that such was the understanding of the board of estimate and appor-tionment, the plaintiff and the commissioner; for upon the expiration of the first year the sum of $1,200 was allowed to the commissioner for the purpose of paying the salary of what he had designated a superintendent of sidewalks and sidewalk repairs. The evidence shows that the plaintiff received his salary without protest, and that there was no other means provided 'for the payment of any further sum than $1,200. And while it is true that if there had been a designation - unequivocal, certain, clear, of the plaintiff as a municipal officer under the law, his salary could not be taken away from him so long as he held the office; yet as his tenure was subject to the pleasure of the commissioner and, had he refused to receive the salary, he would have had no claim whatever upon any sum of money, he ought not now at the end of a year, and after having recived the compensation as fixed by the board of estimate and apportionment, to be, heard to claim that he was entitled to further compensation.
*138 He had no claim upon the salary of the office beyond such timé as the commissioner of public works saw fit to retain him, and presumably he would not have been, retained beyond the 1st of .January, 1901, if he had insisted upon the salary which had been paid prior to. that date.
We are referred to the cases of Grant v. City of Rochester (79 App. Div. 460) and French v. City of Rochester (Id. 645), but these were officials whose offices were created by' legislative statute. In the case of Grant the law provided that his term should be two years, and that the salary when fixed should not be changed until the expiration of the term for which he was appointed.
It seems to us that in the case under consideration there was not that certain and definite intention evident on the part of the board of estimate and apportionment to create a salaried office. If there was such an intention, the insertion in the budget of 1900 wa.s the fixing of the salary for that term only, and it was within the right of the board to fix the salary, for the year 1901 by inserting a different sum in the budget.
Hot every employment by a city constitutes the employee an official, by whatever designation he may be known ; but in order to be brought within the rule of law applicable here, there should be the evident intention of creating an office with a salary attached for a term, and this appearing, the incumbent would be entitled to the salary attached to it.
We think the more reasonable interpretation of the statute under discussion is that the plaintiff Was an employee of the city, and that the acts of the board of estimate and apportionment were intended simply to provide compensation for him as such, and did not amount to the creation of an office which carried with it a salary that the incumbeiit could not be deprived of.
It follows that the judgments of the County Court,and Municipal Court were erroneous and should be reversed, and the complaint should be reversed upon the merits.
All concurred.
Judgment of. County Court and Municipal Court reversed, and complaint dismissed, with costs in all courts.

Laws of 1898, chap. 182.— [Rep.

 See Laws of 1898, chap. 182, 1 109, as amd. by Laws of 1899, chap. 581.— [Rep.