THE PEOPLE OF THE STATE OF NEW YORK ex rel. GAMALIEL T. CONINE, Appellant, *v.* THE COUNTY OF STEUBEN et al., Respondents.

1. COUNTY LAW — SALARIES OF COUNTY TREASURERS FIXED BY BOARDS OF SUPERVISORS INCLUDE FEES.   Under the statutes in force at the time of the enactment of the County Law (L. 1892, ch. 686), where the county treasurer was a salaried officer, the fees were to be retained by him for the benefit of the counties; but in counties in which the treasurer was not a salaried officer, he retained the fees for his own compensation.   In the revision of the statutes, however, it was intended that in counties of the state in which the treasurers were salaried officers under general laws, that they should be continued as such under the County Law and that the salary and compensation which the board of supervisors was required to provide for them should be in full of all compensation allowed them for every official duty pertaining to their offices, including their services for the collecting and paying over the state, school and court moneys.

2. TREASURER OF STEUBEN COUNTY NOT ENTITLED TO FEES.   Where the supervisors of the county of Steuben in 1890, by the adoption of a report and recommendation of a special committee to fix the salary of the county treasurer, fixed such salary at a specified amount intending it to

be in lieu of all compensation from the state or otherwise in the way of fees, a subsequent incumbent of the office is not entitled, in addition to his salary, to collect and receive fees for the collecting and paying over the state, school and court funds.

*People ex rel. Conine* v. *Steuben County*, 93 App. Div. 604, affirmed.

(Argued October 20, 1905; decided November 21, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 29, 1904, which affirmed an order of Special Term denying an application for a peremptory writ of mandamus to compel the board of supervisors of Steuben county to audit a claim of the relator against said county and the county treasurer to pay the same.

The facts, so far as material, are stated in the opinion.

*Monroe Wheeler* and *Charles H. McMaster* for appellant. The fees and commissions on court trust funds and on state tax, including state school moneys received, retained by and and paid to relator during his two terms in office as county treasurer of the county of Steuben, which included six consecutive years from January 1, 1895, to December 31, 1900, both inclusive, are the property of the relator. (*Dartmouth College* v. *Woodward*, 4 Wheat. 627; *Conner* v. *Mayor of New York*, 5 N. Y. 285; *McVeany* v. *Mayor, etc.*, 80 N. Y. 185; *Bd. Suprs.* v. *Otis*, 62 N. Y. 98.) The statute gave the fees and commissions for receiving, investing and paying over court trust funds, and for receiving and paying out state tax, including receiving and distributing state school moneys, to the county treasurer and not to the county. (L. 1846, ch. 189, § 1; L. 1877, ch. 436, § 5; *People ex rel. Kingsland* v. *Palmer*, 52 N. Y. 83; *Hawkins* v. *Mayor, etc.*, 64 N. Y. 18; *Wallace* v. *Swinton*, 64 N. Y. 188; *People ex rel. Navarro* v. *Van Nort*, 64 Barb. 205; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Matter of Evergreens*, 47 N. Y. 216; *Powers* v. *Shepard*, 48 N. Y. 540; *People* v. *St. Lawrence County*, 103 N. Y. 541; *People* v. *Harris*, 123 N. Y. 70; *Gay* v. *Siebold*, 97 N. Y. 372.) Chapter 189 of the Laws of 1846 provided

that county treasurers should receive for their services, instead of fees, such compensation as should be fixed by the board of supervisors, not exceeding one-half of one per cent for receiving and one-half of one per cent for disbursing, and in no case to exceed $500 per annum ; and all laws inconsistent with those provisions were repealed by the said act.    The next law passed upon this subject was chapter 110 of the Laws of 1871, amending chapter 189 of the Laws of 1846.    This act provided that treasurers should thereafter receive for their services, instead of fees, such compensation as should be fixed by the board of supervisors, not to exceed one-half of one per cent for receiving and one-half of one per cent for disbursing all moneys belonging to their said counties respectively, and in addition to such compensation they should be entitled to retain a commission of one per cent on every dollar belonging to the state which they received or paid out, viz., one-half of one per cent for receiving and one-half of one per cent for disbursing, but in no case to exceed $500.    (*Bd. Suprs.* v. *Allen*, 99 N. Y. 537; *Bd. Suprs.* v. *Jones*, 119 N. Y. 339; *Upham* v. *State of New York*, 174 N. Y. 337.)

*William W. Clark* for respondents.    The board of supervisors had the right to fix the salary of the county treasurer. (L. 1877, ch. 436, § 5; L. 1880, ch. 233; L. 1892, ch. 686.) The Laws of 1877, chapter 436, and Laws of 1880, chapter 233, were repealed by the County Law (L. 1892, ch. 686), but that law expressly gave the right to boards of supervisors to fix the salary of the county treasurer as the law of 1877 had done, and the Laws of 1846 (Ch. 189) and 1871 (Ch. 110) were not revived.    (L. 1892, ch. 686, art. 2, subd. 5; 23 Am. & Eng. Ency. of Law, 479, 483; *People* v. *Wilmerding*, 136 N. Y. 363; *Bank of Metropolis* v. *Faber*, 1 App. Div. 341.) Where a board of supervisors has fixed the salary of a county treasurer, that is his sole compensation.    (*Bd. Suprs.* v. *Jones*, 119 N. Y. 339; *Upham* v. *State*, 174 N. Y. 336.) Boards of supervisors have the right to fix the salary and compensation of county treasurers in their respective counties.

In case of the failure to fix such salaries, then the county treasurers are to receive for their services the fees and commissions fixed by law; but where the salary of the treasurer is fixed by the board of supervisors, the fees for receiving and disbursing state taxes, school funds and for receiving and investing trust funds are to be collected by the treasurer and retained by him for the use of the county, and they belong to the county. (*Bd. Suprs.* v. *Jones,* 119 N. Y. 339; *Bd. Suprs.* v. *Allen,* 99 N. Y. 532.)

Haight, J.   The relator, Gamaliel T. Conine, was the county treasurer of Steuben county for two terms, commencing on the first day of January, 1895, and ending on the thirty-first day of December, 1900.   During that period he received as fees for the collecting and paying over of the state taxes the sum of............................ $2,650 23
He also received as fees for the disbursing of the
    school moneys, the sum of...................      918 18
and for trust funds paid into court, the sum of...   1,267 75

    Making a total of.......... .. ...........  $4,836 16

All of which he left in the general fund upon his retirement from office and turned the same over to his successor.   In November, 1890, the board of supervisors of Steuben county fixed the salary of the county treasurer at twelve hundred dollars per annum, which sum was paid to the relator each year during his term of office.   He now claims that he was entitled to the fees aforesaid, in addition to his salary, and it is this claim that he sought to have audited and allowed by the board of supervisors and paid by the treasurer.

Under the Revised Statutes it was made the duty of a county treasurer to receive all moneys belonging to the county from whatever source they may be derived, and all moneys belonging to the state, which by law were directed to be paid to him, and pay and apply the same in the manner required by law.   He was authorized to retain as commissions one per cent on every dollar which he should receive and pay out, to wit,

one-half for receiving and the other half for paying. (1 R. S. 362, §§ 20–26.) By the Laws of 1846, chapter 189, it was provided that the county treasurers of this state "shall hereafter receive for their services, instead of the fees now allowed by law, such compensation as shall be fixed by the respective boards of supervisors of their respective counties, not exceeding the half of one per cent for receiving, and the half of one per cent for disbursing, and in no case to exceed the sum of five hundred dollars per annum." The counties of New York and Kings were excepted from the provisions of this act, and all laws inconsistent with its provisions were repealed. In 1863, chapter 393, section 5, the legislature provided that "it shall be the duty of the several county treasurers of this state, on or before the first day of April in each year, to pay to the treasurer of this state the amount of state tax raised and paid over to them respectively, *retaining the compensation to which they may be entitled, and which compensation shall not exceed the amounts now authorized by law, and shall not in any case exceed the sum of two thousand dollars."* In 1871, chapter 110, the law of 1846, above referred to, was amended so as to read as follows: "The several county treasurers of this state shall hereafter receive for their services, instead of the fees now allowed by law, such compensation as shall be fixed by the respective boards of supervisors of their respective counties, not exceeding the half of one per cent for receiving, and the half of one per cent for disbursing all moneys belonging to their said counties respectively. In addition to such compensation so fixed as aforesaid, they shall be entitled to retain a commission of one per centum on every dollar belonging to the state which they shall receive and pay over, to wit: one-half of one per centum for receiving, and one-half of one per centum for disbursing, but in no case to exceed the sum of five hundred dollars." The counties of New York, Kings, Albany, Otsego, Onondaga, Erie and Westchester were excepted from the provisions of this act. By the Laws of 1877, chapter 436, section 5, it was provided: "Every county treasurer hereafter elected or appointed shall receive as com-

pensation for his services an annual salary, to be fixed by the board of supervisors. He shall not receive to his use any interest, fees or other compensation for his services, except in proceedings for the sale of lands for unpaid taxes as may be now provided for by law." The counties of Monroe and Seneca were excepted from the provisions of this act, and subsequently a number of other counties were also excepted from its provisions. This act was amended in 1880, chapter 233, by adding thereto section 10, as follows: " Nothing in this act shall be construed as preventing the treasurers of the several counties of this state, in which the treasurer is a salaried officer, from retaining for the benefit of their said counties, respectively, the same compensation for receiving and paying the money belonging to the state every year, as that now allowed by law, where such treasurer is not a salaried officer, and the comptroller is hereby authorized to allow to the said treasurers, for the benefit of their respective counties, on state taxes hereafter received and paid over by them, where not already allowed, the compensation now allowed by law, where such treasurer is not a salaried officer." There are a number of special acts pertaining to different counties to which we have not alluded, for the reason that none of them pertain to the county of Steuben.

It is contended that under the act of 1846, as amended in 1871, the salary provided for to be fixed by the boards of supervisors of their respective counties only had reference to the compensation awarded the treasurer for his services in collecting and paying over the county funds; and that he still had the right, in addition thereto, to collect and receive to his own use the fees allowed for the collecting and paying over the state, school and court funds. But however that may be, it is apparent that in all the counties where the treasurer was a salaried officer, which were not excepted from the provisions of the act of 1877 as amended in 1880, or controlled by special laws, the fees collected by the treasurer belong to the county, except such as he was authorized to retain for the sale of lands for unpaid taxes; and inasmuch as the act

of 1880, to which we have alluded, was passed subsequent to the adoption of section 3321 of the Code of Civil Procedure, it follows that the fees allowed under the provisions of that section also belonged to the counties. The legislation upon the subject evidently contemplates counties in which there was no salary fixed for the county treasurer, counties in which the treasurer was a salaried officer, and still other counties in which the compensation of the treasurer was regulated by local statutes. This was the condition of the law existing at the time of the adoption of chapter 686 of the Laws of 1892, known as the County Law. Under the provisions of that act the board of supervisors was required to fix the salaries and compensation of the county treasurers. (Section 12, subdivision 5.) By section 141, subdivision 5, the county treasurers were required, " on or before the fifteenth day of April in each year to pay to the treasurer of the state one-half of the state tax raised and paid over to him; and on or before the fifteenth day of May, the other half, retaining the compensation to which he may be entitled, which shall not in any , case exceed the sum of two thousand dollars." This act specifically repealed the laws of 1877 and of 1880 alluded to. We thus have the recognition of the right of the county treasurer to retain from the treasurer of the state the fees to which he may be entitled by law for the receiving and paying over the state taxes, not, however, to exceed the sum of two thousand dollars; and at the same time we have the mandatory duty imposed upon the board of supervisors of fixing his salary and compensation.

We think the rights of the relator are to be determined by the construction that should be given to the County Law. In determining its true intent and meaning we must bear in mind that it is a general law ; that it was reported by the commissioners for revision of statutes, and that it was intended to revise and take the place of the laws of 1877 and 1880, to which we have referred. As we have seen, under the statutes then in force in counties where the treasurer was a salaried officer the fees were to be retained by him for the benefit of

the counties, but in the counties in which the treasurer was not a salaried officer he retained the fees for his own compensation. It is possible that under the County Law all treasurers were intended to be made salaried officers except those provided for by special laws. But this question we do not deem it necessary to now determine, for we are clear that in the revision of the statute it was intended that the counties of the state in which the treasurers were salaried officers under general laws should be continued as such under the County Law, and that the salary *and compensation* which the board of supervisors was required to provide for them were intended to be in full of all compensation allowed them for every official duty pertaining to their office, including their services for the collecting and paying over the state, school and court moneys. This construction, we think, is required under the decision of this court in the case of *Board of Supervisors of Erie County* v. *Jones* (119 N. Y. 339). The compensation of the treasurer of Erie county was fixed by the provisions of the Laws of 1881, chapter 557. It provided that the treasurer should receive, "as compensation for his services, an annual salary of not less than five thousand dollars, to be fixed by the board of supervisors of said county before he shall enter upon the duties of his office." In construing the provisions of that statute for the purpose of determining whether the treasurer was entitled to receive for his own use the fees collected for paying over the state funds, it was held that the salary provided for was in lieu of all fees and that those received by him belonged to the county. FINCH, J., in delivering the opinion of the court, after referring to the law of 1877, as amended by law of 1880, reached the conclusion that the salary provided for meant full, complete and entire compensation for all services. He then proceeded to discuss the special statute of 1881, saying that, "The chief ground of his (the defendant's) contention is that the act of June, 1881, does not in express terms forbid the receipt of fees by the county treasurer or repeal by implication the laws under which, before 1877, the county treasurers were entitled to receive them. But I think that

this is a very narrow interpretation and more nice than wise. If the statute of June, 1881, stood alone it would, by the force of its own terms, substitute an annual salary for fees. When it declares that the county treasurer shall receive ' as compensation for his services ' an annual salary, it very plainly implies that such salary is to be his sole and only reward. ' For his services' means for all his services, for the entire and complete performance of his official duties, and a specific compensation awarded for those services implies the full and entire compensation to which he is entitled. But this natural interpretation of the language becomes conclusive when the statute is read in connection with the legislation on the same subject. The act of 1877 defined the phrase ' as compensation for his services ' so fully and explicitly as to leave no possible room for doubt. The later legislation on the same subject repeats the phrase which must retain the meaning attached and not bear a new and different one. The inference from the statutes read together, and in the light of the evil they were intended to remedy, becomes irresistible."

All that has here been said with reference to the law of 1881 applies with equal force to the provisions of the County Law, which is a revision of the general laws of 1877 and 1880, alluded to in the opinion to which we have referred. The County Law must be read in connection with the general law which it revises. It is both salary and compensation which the board of supervisors is required to fix, and it seems to us, therefore, that the decision of this court alluded to is controlling upon the question now presented. The case of *Upham* v. *State of New York* (174 N. Y. 336) had reference to an entirely different question, involving the construction of other provisions of the statute, and we, therefore, do not deem it in point upon the question here presented.

In November, 1890, the board of supervisors of Steuben county appointed a committee to fix the salary of the county treasurer. This committee reported to the board, in substance, that under the statute the fixing of a salary operated to deprive the treasurer of all compensation, from the state

and otherwise, in the way of fees, and that such fees were received and paid into the treasury to the credit of the county ; that the salary that had theretofore been paid to the treasurer, together with his compensation by way of fees, amounted to the sum of twelve hundred dollars, and they, therefore, recommended that his salary be fixed at that sum per annum. This report appears to have been adopted by the board, and that amount the relator has received each year during his term of office. It, therefore, appears that the salary was fixed under a proper construction of the statute then in force, and that it was intended to include the fees which the treasurer was authorized to collect. The relator has, therefore, received from the county all that the board of supervisors intended to pay him. He has suffered no harm, and, as we understand the County Law, he has received all that he was entitled to under the statute.

The order of the Appellate Division should be affirmed, with costs.

CULLEN, Ch. J., GRAY, BARTLETT, VANN and WERNER, JJ., concur ; O'BRIEN, J., absent.

Order affirmed.