THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL NOBLE, Appellant, v. JOHN P. MITCHEL et al., Composing the BOARD OF ESTIMATE AND APPORTIONMENT OF THE CITY OF NEW YORK, Respondents.

Constitutional law — compensation of surrogates elected as separate officers not to be increased during term of office — surrogate of Queens county not entitled, under section 26 of Judiciary Law, to additional compensation for services in drawing jurors.

1. Under the State Constitution the salary of the surrogate of any county elected as a separate officer must be established by law and the salary fixed by the legislature shall not be increased or dimin-

ished during his term of office and he shall receive to his own use no fees or perquisites of office. He is bound to perform the duties of his office for the compensation provided by law and cannot recover for extra duties imposed upon him within the scope of the duties of the office, however onerous they may be. (Const. art. 6, §§ 15, 20.)

2. A statute increasing the amount to be paid to an officer who has a fixed salary where the Constitution provides that the compensation of such officer shall not be increased or decreased during his term of office does not apply to persons in office when it takes effect.

3. The statute (L. 1914, ch. 443) revising chapter 18 of the Code of Civil Procedure, relating to surrogates and Surrogates' Courts, and providing for trials by jury and the drawing and summoning of jurors by surrogates, was enacted and took effect during the term for which the relator was elected. Therefore, he is not entitled to additional compensation for services in the drawing of jurors, allowed to each judge in the county of Queens, under section 26 of the Judiciary Law (Cons. Laws, ch. 29).

*People ex rel. Noble* v. *Mitchel,* 170 App. Div. 379, affirmed.

(Submitted January 11, 1917; decided February 6, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 12, 1915, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*George C. Cogswell* and *George A. Clement* for appellant.

*Lamar Hardy, Corporation Counsel* (*Terence Farley* and *John Lehman* of counsel), for respondents. If, as the relator claims, the amendments to the Code impose new and additional duties upon him, which he is obliged to perform, for which he is entitled to compensation, under section 26 of the Judiciary Law, then the later legislation, to that extent, is unconstitutional. (*People ex rel. Mitchell* v. *Haws,* 11 Abb. Pr. 261; 32 Barb. 207; 20 How. Pr. 29; *Moore* v. *Nation,* 80 Kan. 672; *Har-*

*rison* v. *Colgan,* 148 Cal. 69; *Woods* v. *Brogan,* 13 Idaho, 607; *Foreman* v. *People,* 209 Ill. 567; *Butler County* v. *James,* 116 Ky. 575; *McCracken County* v. *Reed,* 31 Ky. Law Rep. 31; *State ex rel. Gordon* v. *Moores,* 61 Neb. 9.)

CHASE, J. The relator was duly elected the surrogate of the county of Queens at the general election in 1910, and his term of office as surrogate of said county had not expired in 1915.

By chapter 443 of the Laws of 1914, which took effect September 1, 1914, chapter eighteen of the Code of Civil Procedure "in relation to surrogates and the practice and procedure in Surrogate's Courts" was revised, and section 2538 thereof now provides, "In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, and in any proceeding for the probate of a will in which any controverted question of fact arises, the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same.  *  *  *  The surrogate in such order must direct that such trial be had either before himself and a jury, or at a Trial Term of the Supreme Court to be held within the county, or in the County Court of the county.  *  *  *."

It is provided by section 2540 thereof that "The surrogate may at any time order the drawing of a jury for service in Surrogate's Court, upon reasonable notice to the parties who have appeared, stating the day, hour and place of such drawing.

"For the purpose of procuring the drawing and attendance of a jury, the surrogate shall have all the powers of a justice of the Supreme Court specified in sections 527 and 528 of the Judiciary Law and in sections 1171 and 1172 of the Code of Civil Procedure; and the clerk of the county of the surrogate shall, upon receiving the order of

the surrogate, perform such duties in relation thereto as he is required to perform under a like order of a justice of the Supreme Court as specified in such sections.

" Such jury shall be drawn in the presence of the surrogate, either in his office or in the office of the county clerk, and the minutes thereof shall be made in triplicate, and be signed by the surrogate and the county clerk. * * *.

" In counties where by special act an officer other than the county clerk is designated to draw juries and perform corresponding acts, such officer shall cause the necessary jurors to be summoned and drawn as though a justice of the Supreme Court had made such order. * * *."

Section 26 of the Judiciary Law (Cons. Laws, ch. 29), provides that: " In the counties of Kings, Queens and Richmond there must be allowed to each judge, including each justice of the Supreme Court, for the services performed by him in connection with the drawing of jurors, as prescribed in this chapter, such compensation, as the board of estimate and apportionment of the city of New York deems reasonable and proper * * *."

The relator claims that pursuant to the section of the Judiciary Law quoted, he is entitled for the services performed by him and to be performed by him in connection with the drawing of jurors for services in the Surrogate's Court of the county of Queens during the year 1915 to such additional compensation over his salary established by law as the board of estimate and apportionment of the city of New York deem reasonable and proper. The board of estimate and apportionment having refused to fix such compensation this proceeding was commenced.

The Special Term granted the relator's motion but the Appellate Division reversed the order and denied the relator's motion on the ground in substance that the relator " is not within the purview of the words ' judge, including each justice of the Supreme Court ' in section 26 of the Judiciary Law and, therefore, is not entitled to

[220 N. Y.]          Opinion, per CHASE, J.          [Feb.,

any compensation as therein provided." There is also a difference of opinion among the judges of this court upon the question whether the relator is included within that section.

Assuming that the section under consideration by its terms includes a surrogate, it did not become applicable to surrogates until section 2540 of the Code of Civil Procedure, as amended in 1914, took effect on September 1 of that year. That was during the relator's term of office.

It is provided by the Constitution: "When the surrogate shall be elected as a separate officer his salary shall be established by law, payable out of the county treasury." (Constitution, art. 6, § 15.) The salary must be fixed by the legislature. (*Healey* v. *Dudley*, 5 Lans. 115.) The relator was elected as a separate officer in the county of Queens and his salary is established by law payable out of the county treasury.

The compensation of any county judge or surrogate shall not be increased or diminished during his term of office. (Constitution, art. 6, § 15.) No judicial officer except justices of the peace shall receive to his own use any fees or perquisites of office. (Constitution, art. 6, § 20.) A public officer cannot be deprived of his salary even if the services rendered or to be rendered are decreased. (*Grieb* v. *City of Syracuse*, 94 App. Div. 133.)

He is also bound to perform the duties of his office for the compensation provided by law and cannot recover for extra duties imposed upon him within the scope of the duties of the office, however onerous they are. (*Merzbach* v. *Mayor, etc., of N. Y.*, 163 N. Y. 16; *Wendell* v. *City of Brooklyn*, 29 Barb. 204; *People ex rel. Phoenix* v. *Supervisors of New York*, 1 Hill, 362; *Cowan* v. *Mayor, etc., of N. Y.*, 3 Hun, 632; *Oakley* v. *Mayor, etc., of N. Y.*, 4 Hun, 72; *City of Poughkeepsie* v. *Wiltsie*, 36 Hun, 270; *Crofut* v. *Brandt*, 58 N. Y. 106; *Haswell* v. *Mayor, etc., of N. Y.*, 81 N. Y. 255; *Bd. Super-*

*visors, Erie Co.* v. *Jones,* 119 N. Y. 339; *Tyrrell* v. *Mayor, etc., of N. Y.,* 159 N. Y. 239; *Evens* v. *City of Trenton,* 24 N. J. Law, 764.)

A statute increasing the amount to be paid to an officer who has a fixed salary where the Constitution provides that the compensation of such office shall not be increased or decreased during his term of office remains in abeyance and must so remain in abeyance until the next ensuing regular term of office of such public officer. It does not apply to persons in office when it takes effect. (*People ex rel. Mitchell* v. *Haws,* 32 Barb. 207; *Harrison* v. *Colgan,* 148 Cal. 69; *Woods* v. *Bragaw,* 13 Idaho, 607; *Foreman* v. *People,* 209 Ill. 567; *Butler County* v. *James,* 116 Ky. 575; *State ex rel. Gordon* v. *Moores,* 61 Neb. 9.)

The work of a judge in connection with drawing jurors as prescribed in the Judiciary Law or the Code of Civil Procedure is incidental to holding courts and to performing duties as a judicial officer. (*More* v. *Nation,* 80 Kan., 672.)

If section 26 of the Judiciary Law is given the construction claimed for it by the relator, the effect of the amendments of the Code of Civil Procedure quoted is to increase the compensation of the relator during his term of office contrary to the provisions of the Constitution.

It will, so far as it affects the relator, therefore, be deemed in abeyance until after the expiration of such term of office.

The order of the Appellate Division should be affirmed, without costs.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Order affirmed.