By the Court.
The relator, defendant in error, commenced a proceeding in mandamus in the court of appeals of Franklin county to require the auditor' of state to pay him as a member of the public utilities commission the increased compensation provided by Section 2250-2, General Code, passed January 22, 1920.
The petition avers that the relator was appointed to the office March 21, 1917, for the term of six years, at which time his duties were limited to those specified by provisions of the General Code in force at that time, but that since then new duties have been imposed upon relator as a member of the commission, which are not in any way germane or incident to those required of him at the time of his appointment. The petition sets out a number of these duties in detail.
*474 The petition further alleges that no part of the salary of the relator was at the time of his appointment, or is now, payable out of the general revenue funds of the state, nor from any funds raised by taxation by the state, but by provisions of Section 606, General Code, was and is payable out of certain sums assessed against the railroads and public utilities within the state and paid by such railroads and utilities for this and similar purposes only.
To this petition the plaintiff in error demurred. The demurrer was overruled, and, as the auditor did not desire to plead further, judgment was entered in favor of the relator. This proceeding is brought to reverse the judgment below. The demurrer of the defendant below was predicated on the provisions of Section 20, Article II of the Constitution, viz.: “The general assembly, in cases not provided for in this constitution, shall fix the term of office and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished.”
The relator contends that this constitutional provision has no application here for two reasons: first, because the constitution refers only to salaries payable out of public funds raised by taxation, and not to special assessments which are in the nature of fees and costs; second, that new duties have been imposed upon the relator as a member of the commission, entirely foreign to those required of him when he became a member.
The amended section, under which the relator claims increased compensation, Section 2250-2, *475 General Code (108 O. L., pt. 2, 1154), provides that “Each of the members of the public utilities commission of Ohio shall receive an annual salary of six thousand dollars, payable in the same manner as the salaries of other state officers are paid.” It is of course conceded that this amended section is a valid constitutional enactment, but it is contended it can not apply to members of the commission during their existing terms. It is provided in Section 606, General Code, that the assessments referred to shall be made upon the railroads and public utilities in the manner specified, and that, on or before the first day of August next following, the commission shall certify to the auditor of state the amount of süch assessment appropriated by it to each railroad and public utility, who shall certify such amount to the treasurer of state, who shall collect and pay the same into the state treasury to the credit of a special fund for the maintenance of the department of such public utilities commission.
By the terms of the salary act above quoted, each of the members of the commission is entitled to receive an annual salary of six thousand dollars, payable in the same manner as the salaries of other state officers are paid.
It is conceded that the members of the commission are officers and that this section fixes their salary as such officers. The provisions of Section 20, Article II of the Constitution, are comprehensive. Those provisions prohibiting a change affecting “the salary of any officer during his existing term,” are not limited to officers whose salaries are *476 paid out of the general revenues, but include all officers. The fact that the fund to be used for the maintenance of the department of public utilities commission is created by assessments does not change the fact that the money therein is public money. Moreover, if the fund so created should not be sufficient to pay the salaries and expenses, it would not alter the right of the members to receive the salary fixed by the statute. In such case it would be paid out of the general revenues the “same as other officers are paid.” The legislature itself specifically makes this clear by the provisions of the general appropriation act, 108 Ohio Laws, pt. 1, page 733 et seq., in which provision is made for payment of any balance. Nor do we find it possible to concur with the defendant in error in the contention that his case is relieved from the application of the constitutional provision by the fact that new duties not germane to those formerly required of him have been imposed by the legislature. It is a familiar rule that when a public officer takes office he undertakes to perform all of its duties, although some of them may be called into activity for the first time by legislation passed after he enters upon his term. As said by Bradbury, J., in Strawn v. Commissioners of Columbiana County, 47 Ohio St., 404, at page 408: “The fact that a duty is imposed upon a public officer will not be enough to charge the- public with an obligation to pay for its performance, for the legislature may deem the duties imposed to be fully compensated by the privileges and other emoluments belonging to the of *477 fice.” That case is commented on with approval by Judge Spear in Jones, Auditor, v. Commissioners of Lucas County, 57 Ohio St., 189, 209, which is likewise approved in Clark v. Board of County Commissioners of Lucas County, 58 Ohio St., 107, 109. To the same effect is State, ex rel. Enos, v. Stone, 92 Ohio St., 63.
In Twiggs v. Wingfield, 147 Ga., 790, it is said: “A public officer takes his office cum onere, and so long as he retains it he undertakes to perform its duties for the compensation fixed, whether such duties be increased or diminished.” See also State, ex rel. Noble, v. Mitchel, 220 N. Y., 86; State, ex rel. Bryant, v. Donahey, Auditor, 96 Ohio St., 247, and Board of County Commissioners of Creek County v. Bruce, 51 Okla., 541, 152 Pac. Rep., 125.
No provision of our statutes has been called to our attention which in our judgment imposes new duties upon the relator not within the scope of the purposes and contemplation of the legislature in the creation of the department of which the relator is a member. The commission has not been invested with a new office. The functions of the office and the object of every new duty are simply to better effectuate the original end desired. It must be remembered that Section 2250-2, General Code, makes no reference to any new duties or to any extra service. It is general and simply fixes the annual salary of the public utilities commission members at $6,000 payable in same manner as salaries of the state officers are fixed.
*478 For the reasons given we think the demurrer to the petition should have been sustained, and, therefore, the judgment will be reversed.

Judgment reversed.

Jones, Matthias, Johnson, Hough and Wanamaker, JJ., concur.
Robinson, J., not participating.