NEW–YORK PRACTICE REPORTS. **159**

The People ex rel. Wildey agt. Stout, County Treasurer.

## SUPREME COURT.

The People *ex rel* JOHN WILDEY, JUN. agt. ANDREW V. STOUT, County Treasurer.

The laws of 1853, (*Session Laws of* 1853, *ch.* 610,) totally repeals the act of 1847, so far as it affects the register of the city and county of New-York, thereby abrogating the salary of that officer, and payment of fees to the county treasurer, and reinstating the office to its former condition, prior to 1847, by the receipt of fees as a compensation to the register, and for the expenses of his office.

*Held,* therefore, that the amount of compensation claimed by an engrossing clerk in that office, during the year 1854, was not a legal claim against the city or county, although audited and allowed by the board of supervisors. His only claim was against the register who employed him.

*New - York Special Term, March,* 1857.

AN order to show cause why a peremptory mandamus should not issue, was granted in this case, on the 16th of March, 1857, from which it appears that the relator was employed as an engrossing clerk in the office of the register of the city and county of New-York, during the year 1854. His bill for his services amounting to $339.75, was not paid by the register, and he applied to the board of supervisors to pay it. It was audited and allowed by the supervisors, and upon presentation of the bill to the county treasurer, he declined paying it, and for cause now states, that the claim is not a county charge and was improperly allowed as such by the supervisors.

WILLIAM R. STAFFORD, *for relator.*
M. V. B. WILCOXSON, *for the county treasurer.*

DAVIES, Justice. Previous to the act of 1847, (*L.* 1847, *ch.* 432,) the register took to his own use all the fees of his office, and paid all the expenses thereof; the act of 1847 substituted for his compensation a salary of $2,500, and directed that all fees received should be paid into the city treasury. Section 16 of this act directs the comptroller to pay the expenses of

his office from the fees thus received, and that no greater sum shall be paid in any one year than shall be received into the treasury on account of fees, &c., accruing at such office during such year.   It is thus quite apparent, that it was not intended by the legislature that this office was in any way to become a charge upon the treasury.

By sec. 4 of chap. 610, Laws of 1853, it is declared, that so much of chap. 132, Laws of 1847, as relates to said register, is thereby repealed.   The office of register was thereby reinstated in its former condition prior to the act of 1847, and it was no longer incumbent on the register to account and pay over to the city his fees, nor had the city thereafter any fund, or was it under any obligation to pay the expenses of the office.   No doubt could be entertained on this point, but for the provision of the latter part of section 3 of the act of 1853.   It most unmeaningly declares, that the searchers and copyists are to be paid out of the fees paid into the city treasury, pursuant to chap. 432 of the Laws of 1847 ; and yet the next section repeals all of that law, so far as it relates to the office of register. This repeal, therefore, destroys any such fund, and after its enactment there were no fees to be paid into the city treasury pursuant to the act of 1847.   It is absurd, therefore, to say, that any such fund existed after such repeal, and this last section must be taken as inconsistent with the provisions of section 3, and as controlling them; in effect, it repeals this part of sec. 3, and it is clear to my mind, that the framer of it did not contemplate a total repeal of the act of 1847, so far as it relates to the register, while penning this section.   But the succeeding section totally repeals the act of 1847, so far as it affects the register, and being repugnant and inconsistent with what precedes it in section 3, that must be held to be abrogated by it.   In my judgment, the relator's only claim is against the register who employed him, and for whom he worked—that he has no legal claim for his services against the city or county, and that the motion for a mandamus must be denied.