PEOPLE ex rel. STUDWELL v. ARCHER et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. TOWNS (§ 29*)—OFFICERS—COMPENSATION—COMMISSIONS.

The supervisor of a town, who receives and disburses money under a statute, authorizing the town to acquire land for a park, providing the means for acquiring the money therefor, and declaring that the park commissioners, composed of the supervisor and others, shall receive no compensation, is entitled to the commission authorized by the town law (Consol. Laws, c. 62), providing that the supervisor of a town shall be paid a commission on all moneys paid out by him as such supervisor, including money paid out for specified purposes, in force at the time of the passage of the statute.

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 52; Dec. Dig. § 29.*]

2. TOWNS (§ 29*)—OFFICERS—"EXTRA COMPENSATION"—COMMISSIONS.

The supervisor's claim for commissions is not a claim for "extra compensation" within the inhibition of Const. art. 3, § 28, and Public Officers' Law (Consol. Laws, c. 47) § 67, prohibiting extra compensation to any public officer, since he asks only for the compensation given by the town law (Consol. Laws, c. 62).

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 52; Dec. Dig. § 29.*

For other definitions, see Words and Phrases, vol. 3, p. 2624.]

3. OFFICERS (§ 100*)—COMPENSATION—COMMISSIONS.

The supervisor's claim for commission, being based on the town law (Consol. Laws, c. 62), in force at the time of the passage of the park statute and prior to his election for the term during which he received and disbursed the moneys acquired for park purposes, is not prohibited by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Const. art. 3, § 18, prohibiting private laws increasing fees of public officers during their term of office.

[Ed. Note.—For other cases, see Officers, Dec. Dig. § 100.*]

Certiorari by the People, on the relation of Edwin F. Studwell, against Clement Archer and others, as Auditors of the Town of Rye, and as Town Clerk of the town, to review the action of the Board of Auditors on a claim of relator against the town. Determination of the Board of Auditors rejecting a part of relator's claim reversed, and claim remitted, with instructions.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, THOMAS, and JENKS, JJ.

L. S. Phillips, for relator.

De Witt H. Lyon, for respondents.

RICH, J. The relator has been the supervisor of the town of Rye for several years. In 1907 a statute was enacted having for its purpose the acquisition of lands therein designated for a town park by the town of Rye, and to provide for the payment of the expenses connected therewith. Laws 1907, c. 711. It created a board of park commissioners to be composed of the supervisor of the town of Rye, the presidents of the villages of Rye and Port Chester, and two other persons; one to be appointed by the board of trustees of each of said villages, and it being provided that such commissioners shall receive no compensation. The supervisor of the town of Rye is made treasurer of the board. To provide the means for acquiring the money necessary for such improvement, the "supervisor of the town of Rye" was authorized and directed to borrow, on the faith and credit of said town, an amount of money not exceeding 2½ per centum of the total assessed valuation of the real and personal property in said town appearing upon the assessment roll of the preceding year, and for that purpose to issue and sell the bonds of said town, signed by himself as supervisor and countersigned by the town clerk, the proceeds of which sale are directed to be paid to "the supervisor of said town" and paid out from time to time to the persons entitled thereto upon vouchers certified by a majority of the park commissioners. It is provided that the principal and interest of such bonds "shall be a charge upon the taxable property in the Town of Rye." The proposition to acquire the specified land was adopted by the electors of said town at the general election held in November, 1907. Bonds of the town were issued and sold by the relator, as supervisor, amounting to $440,000. He received the proceeds of such sale amounting to $442,541.48, and later disbursed $402,130.08, and at the end of his term of office, November 8, 1909, paid the balance, $40,411.40, to his successor in office. On November 15, 1909, the relator presented to the respondents for audit a claim against the town of Rye for the sum of $5,408.62, being commissions at the rate of 1 per centum on all town money paid out by him as supervisor during the year 1909, prior to the date of said claim, the total amount of which was $540,-862.10, of which $402,130.08 was money received from the sale of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said bonds and paid out for park purposes and $138,732.02, other town moneys disbursed in the payment of other town charges. The relator claims to be entitled to the commissions under the provisions of subdivision 3 of section 85 of the town law (Consol. Laws, c. 62). On or about December 18, 1909, the respondents allowed said claim to the extent of $1,387.82, and disallowed and rejected it as to $4,-201.30, which represented the commissions claimed by the relator for paying out money of the town, as its supervisor, under the provisions of the park act. The contention of the respondents is that, because of the provisions in the statute that "said commissioners shall receive no compensation," the relator, being a commissioner, is not entitled to commissions.

I think that this contention is unsound. At the time the park act was enacted, the town law provided that the supervisor of a town should be paid a fee of 1 per centum on "all moneys paid out by him as such supervisor," including money paid out for specified purposes, "and all other town moneys paid out by him for defraying town charges, except money expended under the highway law." The section makes this commission full compensation for all services rendered by the supervisor in respect to money received and paid out by him as such supervisor, and its provisions clearly indicate is in addition to his per diem compensation while sitting in the board of supervisors of the county. By the act in question the Legislature provided for placing in his hands as supervisor moneys of the town of Rye, and required its disbursement by him. There is no question but that the money was town money; that it was received by him as supervisor and paid out by him as such in defraying town charges. For the numerous services performed as a park commissioner the relator makes no claim. It was as supervisor that he received and paid out the money realized on the sale of the bonds. Neither the commissioners nor the relator as such could issue or sell the bonds. They were vested with no power to raise the money required for the improvement, and the services of the relator in the performance of these acts were rendered as supervisor of the town, and were separate and apart from the services he rendered as park commissioner. The Legislature must have intended that the supervisor of the town of Rye should receive and disburse the money; otherwise they would have directed that the avails of the bonds be paid to the treasurer of the park commission and disbursed by him, or provided that the services rendered by the supervisor pursuant to the requirements of the act should be without compensation.

The respondents further contend that the relator's claim is within the inhibition of section 28, art. 3, of the Constitution, and section 67 of the public officers' law (Consol. Laws, c. 47), formerly section 3280 of the Code of Civil Procedure, in that he is seeking "extra compensation." This contention is without merit. No such claim is made by the relator. He asks only for the compensation expressly given him by the town law. It is also suggested that section 18 of article 3 of the Constitution, providing that the Legislature shall not pass a private or local bill "creating, increasing or decreasing fees,

percentage or allowances of public officers, during the term for which said officers are elected or appointed," presents a constitutional objection to the allowance of the relator's claim. The trouble with this contention is that relator's claim is based upon the provisions of the town law in force when the park act was passed, and long prior to his election as supervisor for the term during which he rendered the services for which he seeks compensation. While the park act provides for the raising of money for park purposes and charges the relator with its custody and disbursement, it is the town law which provides his compensation. The park act contains no provision creating, increasing, or decreasing fees, percentages, or allowances of the supervisor, and presents no constitutional objection to the allowance of the relator's claim. We have given due consideration to the other questions presented by the learned counsel for the respondents; but we are not convinced that the disallowance of the relator's claim can be sustained.

The determination of the respondents rejecting that portion of the relator's claim for commissions, amounting to $4,021.30, is reversed, with $50 costs and disbursements, and the claim is remitted to the board of town auditors of the town of Rye, with instructions to convene in special session and audit and allow the same. All concur.

---

PARIS et al. v. LAWYERS' TITLE INS. & TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

MORTGAGES (§ 178\*)—LIEN—PRIORITY OF MECHANIC'S LIEN.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 178.\*]

Thomas, J., dissenting.

Appeal from Special Term, Kings County.