JOHN H. PRICE, Respondent, *v.* THE COUNTY OF ERIE et al., Appellants.

*County clerks — fees — clerk of Erie county whose salary, fixed by statute, constitutes the whole compensation to be paid to him is not entitled to any part of fees payable to county clerks under Federal statutes for services in naturalization proceedings.*

This action is to recover, by virtue of a statutory provision, one-half of the fees collected and delivered to the defendants by the plaintiff, while clerk of the county of Erie, for services performed by him in naturalization proceedings. The fees in question were received by virtue of the provisions of an act of Congress (34 Stat. at Large, ch. 3592, p. 596), which authorized the clerk to retain one-half of the fees thereby required to be paid to him in such pro-

ceedings. Our statute (L. 1885, ch. 502; L. 1891, ch. 149) provided that the clerk of the county of Erie should receive, as compensation for his services, an annual fixed salary which "shall constitute the whole compensation which shall be allowed or paid to or received by said clerk for all official services performed by him for the state, for the county and for individuals, or which he shall be required or authorized by law to perform by virtue of his office as such clerk. It shall be the duty of said clerk to perform all services which he is or shall be required or authorized by law to perform by virtue of or by reason of his holding such office, including his duties as clerk of every court of which he is or shall be clerk, and no compensation, payment or allowance shall be made to him for his own use for any of such services except the salary aforesaid." *Held*, that the federal statute did not control the ownership of the fees, and that the language of the state statute restricted the compensation for all the official services of the plaintiff as clerk of the county of Erie to the stated salary and required him to pay all fees and emoluments, including those under consideration, to the treasurer of the county.

*Price* v. *County of Erie*, 163 App. Div. 437, reversed.

(Argued May 1, 1917; decided July 11, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 11, 1914, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Adelbert Moot, Carleton H. White* and *Asher B. Emery* for appellants. No part of the naturalization fees received by the plaintiff during the time that he was county clerk belonged to him, but on the contrary one-half thereof belonged to the county of Erie. The other half belonged and was paid to the bureau of immigration and naturalization. (*Freeholders* v. *Slater*, 84 N. J. L. 589; 85 N. J. L. 621; *San Francisco* v. *Mulcrevy*, 15 Cal. App. 11; 231 U. S. 669; *Barron Co.* v. *Beckwith*,

142 Wis. 519; *Rhea* v. *Co. Comrs.*, 88 Pac. Rep. 89; *Boettcher* v. *Lancaster Co.*, 74 Neb. 148; *Douglas Co.* v. *Broadwell*, 148 N. Y. 930.)

*Simon Fleischmann* for respondent. Under the federal statute of 1906, plaintiff was entitled to one-half of the naturalization fees received by him and his right thereto was not affected by the act of 1885 of the legislature of the state, making the office of county clerk a salaried one. (*Co. of Montgomery* v. *Vosburgh*, 74 Misc. Rep. 562; *Co. of Hampden* v. *Morris*, 207 Mass. 167; *Chosen Freeholders of Passaic Co.* v. *Slater*, 88 Atl. Rep. 213; *Fields* v. *Multnomah County*, 128 Pac. Rep. 1045; *Eldredge* v. *Salt Lake County*, 37 Utah, 188; *State* v. *Quill*, 102 N. E. Rep. 106; *Matter of Berger*, 72 Misc. Rep. 445; *San Francisco* v. *Mulcrevy*, 15 Cal. App. 11.)

COLLIN, J. The action is to recover, by virtue of a statutory provision, one-half of the fees collected and delivered to the defendants by the plaintiff, while clerk of the county of Erie, for services performed by him in naturalization proceedings. Thus far it has succeeded and erroneously.

The fees were collected within the period from December 31, 1906, to October 3, 1910. The statutory provision invoked by plaintiff was in an act of congress (Ch. 3592, 34 Stat. 596) enacted June 29, 1906, entitled "An act to establish a bureau of emigration and naturalization, and to provide for a uniform rule for the naturalization of. aliens throughout the United States." It conferred jurisdiction to naturalize aliens as citizens of the United States upon specified courts, among which were "all courts of record in any state." It provided: "That the clerk of each and every court exercising jurisdiction in naturalization cases shall charge, collect, and account for the following fees in each proceeding: [Here follows a specification of the fees.] The clerk of any court collecting

such fees is hereby authorized to retain one-half of the fees collected by him in such naturalization proceeding; the remaining one-half of the naturalization fees in each case collected by such clerks, respectively, shall be accounted for in their quarterly accounts, which they are hereby required to render the Bureau of Immigration and Naturalization, and paid over to such Bureau within thirty days from the close of each quarter in each and every fiscal year. * * * Provided, that the clerks of courts exercising jurisdiction in naturalization proceedings shall be permitted to retain one-half of the fees in any fiscal year up to the sum of three thousand dollars. * * * The clerks of the various courts exercising jurisdiction in naturalization proceedings shall pay all additional clerical force that may be required in performing the duties imposed by this act upon the clerks of courts from fees received by such clerks in naturalization proceedings. And in case the clerk of any court collects fees in excess of the sum of six thousand dollars in any one year, the Secretary of Commerce and Labor may allow to such clerk from the money which the United States shall receive, additional compensation for the employment of additional clerical assistance, but for no other purpose, if in the opinion of the said Secretary the business of such clerk warrants such allowance." (Section 13.)

Such statutory provision was not intended to and did not control the ownership of the fees retainable by virtue of it by the clerks of the courts of record of this state. It leaves those fees to whatever disposition may be provided by the state law, even if it be true that under the act the clerks are agents of the national government. (*Mulcrevy* v. *San Francisco*, 231 U. S. 669.) We must, therefore, heed the relevant laws of this state.

When the plaintiff became and while he was clerk of the county of Erie and of the courts of record therein, a statute provided: The clerk of the county of Erie should

receive, as compensation for his services, an annual fixed salary unchangeable during his term of office and which " shall constitute the whole compensation which shall be allowed or paid to or received by said clerk for all official services performed by him for the state, for the county and for individuals, or which he shall be required or authorized by law to perform by virtue of his office as such clerk. It shall be the duty of said clerk to perform all services which he is or shall be required or authorized by law to perform by virtue of or by reason of his holding such office, including his duties as clerk of every court of which he is or shall be clerk, and no compensation, payment or allowance shall be made to him for his own use for any of such services except the salary aforesaid. * * * All the fees, emoluments and perquisites which such clerk shall charge or receive, or which he shall legally be authorized, required or entitled to charge or to receive shall belong to the county of Erie; " he shall collect all fees and emoluments " now permitted by law, and not exceeding amounts now fixed by law," as from time to time the board of supervisors shall prescribe, except that specified charges shall remain as provided by statute. He shall require payment for all services rendered by him or his assistants in his or their official capacity by virtue of any law of this state or by order of the board of supervisors; he shall keep account of all official services, and of all fees, perquisites and emoluments received or chargeable pursuant to law, and transmit to the treasurer of the county monthly a verified statement of all moneys received each day for fees, perquisites and emoluments for all services rendered, and therewith pay over the whole amount of the moneys so received; a condition of his official bond shall be that he shall safely keep and pay over to the county treasurer, as provided, all moneys which shall come into his hands; his neglect to account for any fees, perquisites or emoluments by the statute declared to belong to the county, or to render the verified

monthly statement of or to pay over the fees received at his office shall be a misdemeanor, and subject him to a civil action for all moneys so received and not paid over. (Laws of 1885, ch. 502; Laws of 1891, ch. 149.) We are to determine whether or not the statute expresses that the fees retainable by the plaintiff, as the clerk of Erie county, under the federal act, belonged to the county of Erie. The language of the federal act, as we have stated, does not control the construction of the statute. Our duty consists in ascertaining and applying the intention of the legislature of the state as expressed in the statute.

The fees were paid to and collected by the plaintiff by virtue of his office of clerk of the county, and consequently, clerk of the courts of record within it (*Olmsted* v. *Meahl*, 219 N. Y. 270; *People ex rel. Wogan* v. *Rafferty*, 208 N. Y. 451), and as compensation for his official acts. In such official capacity alone was he entitled to them or qualified to receive them. (*Mulcrevy* v. *San Francisco*, 231 U. S. 669; *Freeholders of Passaic* v. *Slater*, 85 N. J. L. 621.) They were compensation for his services, authorized by law, as clerk of the county of Erie, and in his hands were fees or emoluments which he as such clerk was legally authorized to charge and receive. The act of Congress prescribed and directed the fees to be paid him as such clerk for those services. The fees so directed were in fact paid to and received by him for those services. Although fixed by act of Congress, they were fees or emoluments of the office within the meaning of the statute of the state. True it is that those particular services and fees were not within the legislative contemplation when the act of 1885 and the amending act of 1891 were enacted. That fact reaches no farther than the conclusion that the legislature had no particular or especial intention in regard to them — it does not bar the general legislative intention from reaching and including them. Furthermore, in naturalization proceedings fees to the clerks of the court were then prescribed by the state statute; hence, some fees for such

services must have been in contemplation. (Laws of 1844, ch. 127, § 1; Code Civ. Pro. § 3303.) It may be true that the federal act did not and could not compel the clerk, an officer of the state (*Olmsted* v. *Meahl*, 219 N. Y. 270, 275), to act under it — a proposition we do not consider. (See *Freeholders of Passaic* v. *Slater*, 85 N. J. L. 621.) The statute of the state did not purport to compel him to collect and receive the fees prescribed by the federal act. (Section 3, as amended by Laws of 1891, ch. 149.) The plaintiff did act and the real conditions were as we have stated.

While sentences in the statute, considered in isolation, would uphold the conclusions that the legislature had in contemplation that the clerk of the county of Erie was then receiving and would thereafter receive only the "fees, perquisites and emoluments" the legislature prescribed or authorized, and those alone should belong and be paid to the county, the statute as an entirety compels another and different conclusion. Whenever a statute needing construction shows forth a general and dominant purpose, it must be construed with reference to such purpose. The purpose cannot be defeated or thwarted by selecting and isolating sentences of the statute which seem inharmonious with it. A statute must receive such reasonable construction as will, if possible, make all its parts harmonize and render them consistent with its scope and purpose. The language of the statute here shows forth clearly and definitely that the dominant purpose of the legislature was that the clerk of Erie county should, after it became effective, receive no compensation for his official services other than his fixed salary. It reveals that the legislature was not contemplating the sources, nature or amount of the fees, perquisites or emoluments which might come into the possession of the officer, but were contemplating and intending that no part whatsoever of them should belong to him or remain in his possession. The act was to restrict him

to the statutory compensation, regardless of existing or future fees. It declared that for his services he should receive as compensation, unalterable during his term, the fixed salary, which should constitute the whole compensation for all his official services authorized by law; and "no compensation, payment or allowance shall be made to him for his own use for any of such services except the salary aforesaid. * * * All the fees, emoluments and perquisites which such clerk shall charge or receive, or which he shall legally be authorized, required or entitled to charge or to receive, shall belong to the county of Erie." He shall keep an exact and true account of all official services and of all fees, perquisites and emoluments received or chargeable pursuant to law and monthly render a statement of all moneys received for fees, perquisites and emoluments for all official services, and pay, with each statement, to the treasurer of· the county the whole amount of the moneys so received by him. The language of the statute, in its plain and ordinary meaning, restricted the compensation for all the official services of the plaintiff as clerk of the county of Erie to the stated salary and required him to pay all fees and emoluments including those under consideration to the treasurer of the county. Upon such terms and conditions, the plaintiff held the office and he was obligated by them. (*Matter of Palmer*, 21 App. Div. 180; affirmed upon opinion below, 154 N. Y. 776; *Board of Supervisors Erie Co.* v. *Jones*, 119 N. Y. 339; *Freeholders of Passaic* v. *Slater*, 85 N. J. L. 621; *Barron County* v. *Beckwith*, 142 Wis. 519.)

The judgment should be reversed and, inasmuch as in no aspect of the complaint is plaintiff entitled to a recovery, the complaint should be dismissed, with costs to the defendants in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.