THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES H. STOLL, Appellant.

Crimes — officers — language of penal statute should be clear — courts will not give strained construction to statute so as to effect punishment of public officer for acts done without corrupt motive — indictment charging violation of statute prohibiting public officer from becoming individually interested in sale, lease or contract which he is authorized in his official capacity to make — employment of defendant's firm as counsel to water commissioners appointed by town board of which defendant was member and payment for services out of proceeds of bonds issued and sold by town board — employment and right to compensation did not constitute an interest in sale, lease or contract within meaning of statute — erroneous charge that town board made contract on appointment of commissioners and for issuance and sale of bonds and that defendant became interested therein by accepting appointment as counsel and accepting compensation from proceeds of bonds — indictment dismissed.

1. A penal statute should use language which is clear so that all who read it may know what act is forbidden. Though ignorance of the law may ordinarily constitute no excuse for its infraction, the courts may not give to words of the statute a sense different from that in which they would be understood by the ordinary citizen. While they should give liberal construction to statutes which decree punishment for public officers who prove faithless to their trust, they may not give a strained construction to a statute which will result in the punishment of a public officer for acts performed in the public view without corrupt motive and which do not tend to introduce the influence of possible adverse private interest into the performance

# 454 PEOPLE v. STOLL.

of acts which should be dictated only by considerations of public welfare.

2. Where a town board, of which defendant was a member, established a water district, and, pursuant to section 285 of the Town Law (Cons. Laws, ch. 62), appointed commissioners who thereafter retained a firm of lawyers, of which defendant was a member, as their counsel, which firm was paid for their services out of the proceeds of bonds issued and sold by the town board to raise an amount certified by the commissioners to be necessary for the construction of the water system, it cannot be held that the employment of defendant's firm as counsel to the commissioners of the water district and the defendant's right to compensation for services performed as such counsel, constituted an interest in a sale, lease or contract which the defendant as member of the town board was authorized to make or to take part in making, within the meaning of section 1868 of the Penal Law.

3. A charge by the trial justice, in effect, that the town board made and was authorized to make first a contract with the men named as commissioners for their appointment as such and second a contract with a trust company for the issuance and sale of the bonds, and that the jury might find that the defendant voluntarily became interested in such contracts by accepting appointment as counsel to the commissioners and by receiving compensation from the proceeds of the bonds, fundamentally misconceives the situation. The statute did not expressly or by fair implication prohibit the defendant, though a member of the town board, from accepting employment by commissioners of a separate administrative district, though the district was created and the commissioners appointed by the town board. The defendant, by such employment, did not become interested in any contract which he, as a member of the town board, was authorized to make or to take part in making, nor did he become interested in the subsequent sale of bonds by the town board, though compensation was made to him from the proceeds of the sale. An indictment, therefore, charging defendant with a violation of section 1868 of the Penal Law should have been dismissed.

*People* v. *Stoll*, 215 App. Div. 788, reversed.

(Argued April 6, 1926; decided May 4, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 18, 1925, which affirmed a judgment of the Nassau County Court convicting the defendant of the crime of taking an unlawful fee.

*Henry A. Uterhart* and *Alfred M. Schaffer* for appellant. The defendant was not legally disqualified from acting as attorney and counsel for the water commissioners by reason of his membership in the town board. (*Holroyd v. Town of Indian Lake,* 180 N. Y. 318; *People ex rel. Farley v. Winkler,* 203 N. Y. 445.) The facts fail to establish the crime of a public officer, authorized to make a contract in his official capacity, becoming interested in such contract, directly or indirectly, in violation of section 1868 of the Penal Law. (*Beebe v. Board of Supervisors,* 64 Hun, 377; *Engel v. Garner,* 116 Misc. Rep. 289; *People ex rel. Schenectady Co. v. Board of Supervisors,* 156 App. Div. 758; *Escondido Lumber, Hay & Grain Co. v. Baldwin,* 84 Pac. Rep. 284; *Fisher v. City of Mechanicville,* 225 N. Y. 210; *Connolly v. Craft,* 205 App. Div. 583; *Collins v. Village of Saratoga Springs,* 70 Hun, 583; 140 N. Y. 683; *Quintard v. City of New York,* 51 App. Div. 233; *Sweeney v. Mayor, etc.,* 5 Daly, 274; 58 N. Y. 625; *Meyers v. Mayor, etc.,* 69 Hun, 291; *Collins v. Mayor, etc.,* 3 Hun, 680.)

*Elvin N. Edwards,* District Attorney (*Charles I. Wood* of counsel), for respondent. Section 1868 of the Penal Law is not to be construed strictly as against the People, but rather is to be strictly and scrupulously enforced as against the defendant. Its violation is a crime *malum prohibitum* and not *malum in se.* (*Smith v. City of Albany,* 61 N. Y. 444; *Beebe v. Supervisors,* 64 Hun, 377; 142 N. Y. 631; *Molloy v. City of New Rochelle,* 198 N. Y. 402; *Heughes v. Board of Education,* 37 App. Div. 180; *People ex rel. Spaulding v. Supervisors,* 66 App. Div. 117; 170 N. Y. 93; *People ex rel. Scheneclady Ill. Co. v. Board of Supervisors,* 166 App. Div. 758; *Matter of Moran,* 145 App. Div. 642; *Matter of Schenectady Ill. Co.,* 88 Misc. Rep. 226; *Marjohn Realty Co. v. City of Long Beach,* 122 Misc. Rep. 673; 211 App. Div. 860; *Seaman v. City of New York,* 172 App. Div. 740; 225 N. Y.

[242 N. Y. 453] . Opinion, per Lehman, J. [May,

648; *Gardner* v. *People,* 62 N. Y. 299; *People* v. *Kibler,* 106 N. Y. 321.) The defendant was authorized to make or to take part in the making of the contracts charged in the indictment within the meaning of Penal Law, section 1868. (*Beebe* v. *Supervisors,* 64 Hun, 377; *Seaman* v. *City of N. Y.,* 172 App. Div. 740; *Matter of Schenectady Ill. Co.,* 88 Misc. Rep. 226; *People ex rel. Schenectady Ill. Co.* v. *Board of Supervisors,* 166 App. Div. 758.) The defendant " voluntarily became interested individually in such * * * contract, directly or indirectly " within the meaning of section 1868. (*Holroyd* v. *Town of Indian Lake,* 180 N. Y. 318; *People ex rel. Farley* v. *Winkler,* 203 N. Y. 445; *People ex rel. Desiderio* v. *Conolly,* 238 N. Y. 326; *People ex rel. Morey* v. *Oyster Bay,* 175 N. Y. 394; *Lynch* v. *Rhinebeck,* 210 N. Y. 101; *Seaman* v. *City of New York,* 172 App. Div. 740; 225 N. Y. 648; *Fisher* v. *City of Mechanicville,* 225 N. Y. 210; *Schulz* v. *City of N. Y.,* 152 App. Div. 39; 211 N. Y. 552; *People ex rel. Spaulding* v. *Supervisors,* 66 App. Div. 117; *Heughes* v. *Board of Education,* 37 App. Div. 180; *Wadsworth* v. *Erwin,* 124 Misc. Rep. 893.)

Lehman, J. The defendant, an attorney and counselor at law, was elected a justice of the peace of the town of Oyster Bay in 1919 and re-elected in 1923. As justice of the peace he was also a member of the town board. While he was acting as justice of the peace and a member of the town board of Oyster Bay, his firm was appointed counsel to the commissioners of the Jericho water district and was paid as compensation for services performed as such counsel considerable sums of money out of the proceeds of bonds issued and sold by the town board of Oyster Bay to raise the amount of money which the commissioners of the Jericho water district had specified was needed for the construction of the water system of that district. The first count of the indictment charged in effect that the receipt of this money constituted a viola-

tion of section 1826 of the Penal Law (Cons. Laws, ch. 40), the second count of the indictment charged the defendant with violation of section 1868 of the statute. At the close of the case the trial judge dismissed the first count of the indictment. The jury found the defendant guilty under the second count. Sentence of imprisonment for a year and a fine of five hundred dollars has been imposed.

There is no dispute as to the facts which, it is claimed, establish the defendant's guilt. He is not charged with secret corruption in office. The alleged wrongful acts have been performed in public and indeed for the most part are evidenced by public records. Though the defendant took the stand in his own behalf, he does not deny or seek to discredit any evidence adduced against him. He maintains this evidence does not show that he has done anything unlawful or inconsistent with his duties as an officer of the town board of Oyster Bay. The facts so far as relevant to the questions presented on this appeal may be briefly stated. The defendant is a member of the firm of Stoll & Lawrence. In 1922 the defendant individually and not as a public officer took steps which resulted in the establishment of the Jericho water district within the town of Oyster Bay. He interviewed the large property owners within the proposed district and secured their signatures to a petition for its establishment. After a majority of the owners of taxable property in the district had signed the petition, the defendant's partner, Mr. Lawrence, presented it to the town board. The petition was filed on June 21st, 1923. Notice of the filing of the petition and of the time and place where the town board would meet to consider it was published. The town board met on the 3rd day of July, 1923. There was no opposition at the hearing. The town board determined that the petition was signed and acknowledged by a majority of the owners of the taxable real property in the proposed water district. Section 285 of the Town Law (Cons. Laws, ch. 62) provides that after

such determination the town board " shall make an order establishing such district and appointing three taxpayers therein as water commissioners." Accordingly such order was made. The three commissioners who were appointed immediately filed bonds in the sum of $1,000 each which the town board approved. The defendant took no formal part in these proceedings and refrained from voting, but he does not claim that he took no part in the preliminary discussions which, it is clear, the members of the board must have had before they agreed upon the appointment of the three commissioners. On July 10th the commissioners held their first meeting and retained the firm of Stoll & Lawrence as their counsel. At the same meeting they appointed an engineer and they agreed that the compensation to be paid to the counsel and to the engineer should be six per cent of the cost of the undertaking. The defendant or defendant's firm performed the work required of them as counsel. They prepared a formal petition to the State Water Control Commission for the approval of proposed plans and sources of water supply. Seven hearings were held by the State Water Control Commission before an order was made approving the plan. Condemnation proceedings were instituted to obtain the land required for the erection of a standpipe. Contracts were prepared for the construction of the water system and were let after public advertisement for proposals. Thereafter the water commissioners served upon the town board of Oyster Bay a written notice, specifying the amount of the contracts and the amount of money needed for the construction of the water system. The town board of Oyster Bay, after proceedings in conformity with sections 287 and 288 of the Town Law, sold the bonds to the Guaranty Trust Company. While the defendant or his firm supervised the legal proceedings concerning the award of the bonds to the Guaranty Trust Company, the defendant himself as member of the town board took no part in any vote concerning the

Jericho water district. He was not even present or within the State at the time of the meeting at which the bonds were awarded to the Guaranty Company. He took no part in the official proceedings of the town board in regard to the fixing of the amount of the undertakings of the commissioners or in the fixing or auditing of the amount to be paid to the commissioners for their services.

The question presented upon this appeal is narrow. Did the employment of defendant's firm as counsel to the commissioners of the Jericho water district and the defendant's right to compensation for services performed as such counsel, constitute an interest in a " sale, lease or contract " which the defendant as member of the town board was authorized to make or to take part in making, within the meaning of section 1868 of the Penal Law. The appointment of the defendant's firm as counsel to the commissioners of the Jericho water district was made by the commissioners and not by the town board of Oyster Bay. Their authority to appoint or retain counsel was conferred by the statute and was not delegated to them by the town board. Indeed, the commissioners in the performance of their official duties were not the agents either of the town board or of the town itself. They were appointed by the town board and, under the statute, the town board was required to raise the moneys necessary for the construction of the water works by the issue and sale of bonds. The bonds when issued were a charge upon the town to " be collected from the property within the water district " (Town Law, section 288-a), but otherwise the town, or property of the town, is not bound by any action taken by the water commissioners. " The town, in effect, is made the fiscal agent of the district, with power to compel reimbursement in time to pay the bonds given to secure the money advanced." (*Holroyd* v. *Town of Indian Lake*, 180 N. Y. 318.) The commissioners represent not the town but a special administrative district. (*People ex rel. Desiderio* v. *Conolly*, 238 N. Y. 326.)

The employment of the defendant's firm by the commissioners was, therefore, not an employment by the town and under no possible construction may the appointment by the commissioners be regarded as a contract which the defendant as an officer of the town of Oyster Bay was authorized to take part in making. Compensation received for services as counsel to the commissioners is, in no sense, compensation for any official act he was authorized to perform as an officer of the town. If such appointment was not prohibited by law, then he could lawfully receive the stipulated compensation and the trial justice correctly dismissed the indictment for taking unlawful fees. If prohibited by law we must find such prohibition within the provisions of section 1868 of the Penal Law.

The fact that the defendant did not participate in formal proceedings taken by the town board or cast a vote in any matter affecting the water supply district is irrelevant on this prosecution and does not under the terms of the statute, exempt the defendant from criminal liability if the action taken by the town board constituted a contract, sale or lease within the meaning of the statute and the defendant voluntarily became interested therein. He is not charged with making a corrupt bargain or receiving a gratuity intended to influence his official action. The prohibition of section 1868 of the Penal Law is directed against acts which might reasonably tend to introduce into the performance by a public officer of his official duties, considerations of possible private interest rather than against the performance of official acts corruptly. It prohibits a public officer from voluntarily putting himself into a position where he might be tempted to degrade his public trust to serve his private interests, even though it should appear that the public officer did not in fact yield to the temptation. The defendant " cannot put on and off the garb of a public official, and discharge or refuse to discharge the

duties of his trust at will, and as best subserves his private
interest." (*Beebe* v. *Supervisors of Sullivan Co.*, 64 Hun,
377; affd., on opinion below, 142 N. Y. 631.) Indeed,
where a public officer voluntarily places himself in a
position which tends in any way to limit his usefulness to
the public in the office he has accepted, the propriety of
his conduct may be questioned even though not pro-
hibited by law. We are not now considering, however,
the propriety of the defendant's conduct but whether it
was forbidden by the Penal Law. Moreover, it is fair to
the defendant to point out that in large part the functions
of the town board in relation to the water supply district
created by it are administrative and even mandatory in
their nature and involve no discretion (*Holroyd* v. *Town
of Indian Lake, supra*), and services honestly and efficiently
performed by the defendant as counsel for the water
commissioners could hardly seriously interfere with the
performance of defendant's duties as a member of the
town board and might serve to safeguard the interests of
the property owners of the town.

Under the Town Law the town board of Oyster Bay
was called upon to take official action in regard to the
Jericho water supply district, and the defendant as a
member of the town board was authorized to take part in
such action only in those matters specifically placed
within the jurisdiction of the town board. As we have
already pointed out, the commissioners represent not the
town but a special administrative district and within the
scope of their duties they are not subject to direction of
the town board or its members. The indictment sets
forth the proceedings in which the defendant as a member
of the town board has authority to take part, viz., " the
hearing and determination of an application to establish
the Jericho Water District in said Town, the making of
an order establishing said District, the appointment of
the public officers of said Water District, to wit, the
Commissioners of the Jericho Water District, the fixing

and approving of the undertakings of said Commissioners and the amounts thereof and the sureties thereon, the fixing and auditing of the amounts to be paid to said Commissioners for their services as such, the issuance and sale of the bonds of the said Town pledging the credit of and constituting a charge upon said Town, the raising by the issuance and sale of such bonds by said Town Board of the money necessary for the purposes of said Water District and the payment of the proceeds thereof to said Commissioners to be used by them, among other things, for the payment of salary and compensation to the attorney and counsel of said commissioners." The prohibition of the statute is directed against the acts of a public officer who voluntarily becomes interested individually in a *sale, lease* or *contract* directly or indirectly where he is authorized to take part in the making of such *sale, lease or contract.* The trial justice charged in effect that the town board made and was authorized to make two contracts; *first,* a contract with the three men named as commissioners of the Jericho water supply district for their appointment as such, and *second,* a contract with the Guaranty Company for the issuance and sale of the bonds. He told the jury that they might find that the defendant voluntarily became interested in such contracts by accepting appointment as counsel to the commissioners and by receiving compensation from the proceeds of the bonds.

The defendant upon this appeal urges some technical errors in this charge. We need not consider these objections for we find that aside from them the charge fundamentally misconceives the situation. No cases have been cited to show that an appointment as a public officer may under any circumstances be regarded as a contract and in many cases it has been held that right to public office is not based on contract. (*Nichols* v. *MacLean,* 101 N. Y. 526.) It is urged that while in this and similar cases, the court held that an appointment to

public office did not constitute a contract in some particular sense, it still might constitute a contract in the sense in which that word is used in the penal statute now under consideration. A penal statute should use language which is clear so that all who read it may know what act is forbidden. Though ignorance of the law may ordinarily constitute no excuse for its infraction, the courts may not give to words of the statute a sense different from that in which they would be understood by the ordinary citizen. The Legislature may in proper case make an act criminal which but for the statute would have been lawful; the courts may not by forced construction create a crime. The creation of a new administrative district in accordance with law and the appointment of public officers of such district may create rights and obligations but they are not rights and obligations conferred by contract. They rest upon provisions of law and not upon agreement. Moreover if the appointment of the commissioners could even by forced construction be regarded in any sense as a contract, yet it would not follow that acceptance of employment or office under the commissioners, though carrying with it a right to compensation, would constitute an interest direct or indirect in that contract. True, if agreement had been made in advance by the persons thereafter appointed as commissioners that they would employ defendant's firm as counsel, inference might be drawn that the agreement was intended to secure the appointment of these persons as commissioners or to influence the defendant's official action, but as we have pointed out above, no such charge has been made against this defendant. The defendant's employment gave him no right to share in the duties, privileges or emoluments of the commissioners' office. It did not even constitute a sub-contract for the performance of anything which the commissioners agreed or were bound to do and for which they were entitled to compensation. The defendant's employment was merely

to enable the commissioners to perform their functions more efficiently and the compensation for that employment was to be made out of public funds which the commissioners had the right under the law to disburse. The right of the defendant to compensation is derived solely from his appointment by the commissioners. Their power to make that appointment, it is true, rests upon their tenure of office as commissioners but it can hardly be said that defendant's right to compensation for services rendered to the commissioners of the water district gives him an interest direct or indirect in the commissioners' right to hold office merely because his appointment is made by virtue of their official powers.

Conviction of the defendant under this indictment must then rest upon proof that he voluntarily became interested in the contract made with the Guaranty Company for the issuance and sale of the bonds to raise the moneys necessary for the purposes of the water district. Concededly, he had no connection with the Guaranty Company and was not interested in any profits which they might make. If he had cast a vote upon the proposition that the bid of that company should be accepted, no considerations of personal advantage could have entered into his vote. He was at that time entitled to his compensation. The town board could not by any act of theirs deprive him of it. The town board was bound to pay over to the water commissioners the proceeds of the sale of the bonds, to be disbursed by them. (*Holroyd* v. *Town of Indian Lake, supra; People ex rel. Desiderio* v. *Conolly, supra.*) Out of these proceeds payment of the agreed compensation must be made to the defendant. It is said that the right to be paid out of the proceeds of the bonds sold gave the defendant an interest in their sale within the meaning of the statute. Though the language of the statute should not be given forced construction, it should, if possible, be given a construction which will carry out its purpose. We shall not here

attempt a general judicial definition of the language of the statute. Merely for the purposes of this appeal we shall assume the most liberal construction possible should be given to it and that the words " interest, direct or indirect," may include any beneficial right or substantial advantage derived from the contract to issue and sell the bonds. If the defendant's right to compensation were conditional upon this contract for the sale of the bonds, or if the town board by refusing to accept the bid of the Guaranty Company could prevent the defendant from obtaining his agreed compensation, then perhaps argument might be made that the defendant was interested in the contract for the sale of the bonds. We do not pass upon such a situation. Here the defendant received his right to compensation through his appointment by the commissioners. Payment must be made by them out of moneys that come into their hands. Those moneys must be raised by the issuance and sale of town bonds and it was the duty of the town board to raise those moneys in the manner provided by law. The contract of sale was merely the means provided by the statute to enable the commissioners of the water district to meet the obligations into which they had entered. The defendant not only had no interest in any profits which the Guaranty Company acquired by its contract for the sale of the bonds but he had not even the right to compel the town board to pay directly to him any of the proceeds of the bonds. These proceeds the town board must pay to the commissioners. It was immaterial to the defendant whether the town board made this particular contract or some other contract. It was its duty to make some contract in accordance with law and if it did its duty the defendant would receive his stipulated compensation. Indeed if the town board refused to perform its duty in the matter the defendant could still enforce his right to compensation, for mandamus would lie to compel the

30

town board to issue and sell the bonds. (*Holroyd* v. *Town of Indian Lake, supra; People ex rel. Farley* v. *Winkler,* 203 N. Y. 445.) Interest in the contract of sale within the meaning of the Penal Law may hardly be predicated upon the fact that the proceeds of the sale would furnish the commissioners of the water supply district with the money necessary to meet their expenses, including compensation to the defendant, where even if the town board refused to make a contract for this purpose the defendant could by mandamus proceedings compel the town board to raise the money necessary for this purpose.

The Legislature may decree punishment for public officers who prove faithless to their trust. It may go further and decree that a public officer may not voluntarily place himself in a position where he might be tempted to do wrong. It may impose penal liability upon a public officer who so conducts himself that the finger of suspicion, that his public acts are not governed exclusively by considerations of public benefit, may be pointed at him. The courts should give liberal construction to statutes which tend to accomplish that purpose but they may not give a strained construction to a statute which will result in the punishment of a public officer for acts performed in the public view without corrupt motive and which do not tend to introduce the influence of possible adverse private interest into the performance of acts which should be dictated only by considerations of public welfare. Here the statute did not expressly or by fair implication prohibit the defendant, though a member of the town board of Oyster Bay, from accepting employment by commissioners of a separate administrative district, though the district was created and the commissioners appointed by the town board, for by such employment the defendant did not become interested in any contract which the defendant was authorized to make or to take part in making. The defendant did not become

interested in the subsequent sale of bonds by the town board though compensation was made to him from the proceeds of the sale for even if that contract had not been made, he could have compelled the town board to raise the money to pay his compensation in manner provided by law. Since these considerations lead to the conclusion that the indictment against the defendant should have been dismissed it is unnecessary to consider the other exceptions taken by the defendant in the course of the trial.

The judgments should be reversed and the indictment dismissed.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., not voting.

Judgments reversed, etc.