C. CHESTER PAINTER, Plaintiff, *v.* TOWN BOARD OF THE TOWN OF OYSTER BAY, NASSAU COUNTY, NEW YORK, and Others, Defendants.

Second Department, June 26, 1930.

*Henry A. Uterhart* [*Alfred M. Schaffer* with him on the brief], for the plaintiff.

*Francis J. Parks,* for the defendants.

HAGARTY, J.   The question of law here involved is whether the plaintiff, as supervisor of the town of Oyster Bay from January 1, 1926, to December 31, 1929, is personally entitled to the one per centum on moneys paid out by him from the proceeds of sewer and water bonds, under sections 237 and 288 of the Town Law, during his tenure of office.   These percentages were audited and allowed by the town board, but the plaintiff has deposited them in a special account, desiring a judicial determination as to whether the statute gives this one per centum to him individually, or merely in his representative capacity to refund it to the town.

During the period that plaintiff held office, there were several issues of sewer and water district bonds, the proceeds of which the supervisor is required to handle and disburse under the provisions of the Town Law (§§ 237 and 288).   This law provides that the supervisor shall receive one per centum upon all moneys paid out by him.   The first of these sections deals with sewer districts.

" § 237. Apportionment of local assessment for construction. * * * Town bonds issued under the authority of this article shall be signed by the supervisor and attested by the town clerk. All moneys received upon the sale of such bonds shall be paid to the supervisor of the town in which said district, or extension, may be located, and shall either be paid out and disbursed by him on the written order or orders of the sewer commissioners, or the whole amount of the moneys received by him upon such sale, shall be paid over by him to said sewer commissioners, upon their written order to that effect.   In case said moneys shall remain in the possession of the supervisor, he shall execute to said sewer commissioners an official undertaking in such sum and with such sureties as the sewer commissioners shall direct and file the same with the sewer commissioners.   The cost of such undertaking shall be a charge against said district payable from the funds so provided for said district.   *The supervisor shall receive one per centum upon all moneys paid out by him under such written order or orders, to be audited by the town board in the same manner as claims against the town, but such claims shall be chargeable against and paid out of the funds of such district in the possession of the supervisor.   In case said sewer commissioners require the payment of the whole of said moneys to them as above provided the supervisor shall be entitled to retain therefrom one per centum of the moneys paid over to said sewer commissioners.*   In case such moneys shall be paid over to said sewer commissioners, they shall select one of their members as treasurer, who shall furnish an official undertaking to the town, in such sum and with such sureties as may be required by the town board, and file the same with the town clerk.   The cost of such undertaking

shall be a charge against the district. * * * The board of supervisors shall levy such sums against the property liable, and shall state the amount of the tax in a separate column in the annual tax-roll under the name ' sewer tax.' *Such tax when collected shall be paid to the supervisor and be by him applied in payment of the bonds.*"

The latter section (§ 288) deals with water districts and the purport is not essentially different from the section quoted except as stated, that it deals with water districts.

During plaintiff's term as supervisor, there were six issues of water district and sewer district bonds, in which concededly all legal steps were taken for their issue and sale. In each case the commissioners served upon the plaintiff the written order required by sections 237 and 288 of the Town Law. The town board, in each of the six instances, duly audited and allowed the claims chargeable against and paid out of the funds of each of the said districts and the plaintiff retained and deposited the said one per cent, amounting to $12,561.51, in a special account at the Oyster Bay Trust Company. It is this sum, with accumulated interest, which is the subject of this controversy. The plaintiff claims it, but does not desire to withdraw it from the account without a judicial decree; while the defendants, town board of Oyster Bay, and the various water and sewer district commissioners, all of whom are joined as parties, insist that the money belongs to the town of Oyster Bay and should be turned over to it.

The basis of the claim of the defendants is that, under section 23-a of the County Law and section 143-a of the Town Law, the plaintiff was to retain the one per centum, not, however, as his own property, but for the benefit of the town of Oyster Bay.

Section 23-a of the County Law reads, in part, as follows: " Any such supervisor shall receive from the town in which he shall have been elected, for all services performed for the town or any district or subdivision thereof, an annual salary of two thousand dollars, and his actual and necessary expenses while performing services for the town, in lieu of all other per diem or other compensation, fees, allowances, percentages and mileage. * * * Percentages and fees payable by law to such supervisor on account of duties relating to the affairs of the town or of any district or subdivision thereof shall belong to the town."

The other section is part of article VI-A of the Town Law (added by Laws of 1916, chap. 396, as amd. by Laws of 1926, chap. 68), which applies to towns as follows:

" § 142. Application. This article shall apply to any town having more than five thousand inhabitants in which the assessed

valuation of taxable property exceeds five million dollars and which by resolution of the town board, hereafter adopted, shall elect to make its provisions applicable to such town."

It is conceded that on May 31, 1918, the town of Oyster Bay duly elected to make article VI-A applicable to itself.

Section 143-a of the Town Law, added by Laws of 1926, chapter 224, and thereafter twice amended (Laws of 1928, chap. 191 and chap. 503) provided for the town board to fix salaries of town officials. This, however, in no wise affected plaintiff's right to fees in addition to his salary, since it provides in part: " Such salary shall be in lieu of all fees, charges, claims or compensation whatsoever. All fees and moneys received by any such officer or employee in connection with his office shall become the property of the town." Pursuant to this section, the town board of Oyster Bay adopted a resolution in December, 1927, fixing the salary of its supervisor at $2,000 per annum, beginning January 1, 1928. This salary, it will be noted, is the same as that theretofore received by the supervisor under the County Law (§ 23-a).

Plaintiff claims that under the provisions of sections 237 and 288 of the Town Law, and the theory of water and sewer districts as laid down in *People* v. *Stoll* (242 N. Y. 453), he is entitled to retain personally the one per centum allowed him. The plaintiff would be entitled to judgment in this case under what appears to be the clear provisions of sections 237 and 288 of the Town Law, which, as respectively amended by chapters 500 and 710 of the Laws of 1926, became effective on the 19th and 30th days of April, 1926, were it not for the provisions of the County Law, section 23-a, and the Town Law, section 143-a.

Section 23-a of the County Law became effective in the year 1917, and section 143-a of the Town Law in 1926, in so far as the parts material to this case are concerned.

Plaintiff's claim is that new duties as fiscal agent for the district within the town were imposed upon the supervisor for which the Legislature intended additional compensation by the enactment of sections 237 and 288 of the Town Law. The trouble with that argument, as I see it, is that the County Law, section 23-a, provides for compensation by salary " while performing services for the town, in lieu of all other per diem or other compensation, fees, allowances, percentages and mileage. * * * Percentages and fees payable by law to such supervisor on account of duties relating to the affairs of the town *or of any district or subdivision thereof* shall belong to the town." This clearly includes a water and a sewer district, as in the case before us. This provision seems to have been overlooked in plaintiff's reference to " outside work."

Towns are not divided into lower grades of governmental sub-divisions, corresponding to the counties within a State and town-ships within a county. The term " district or subdivision " is, therefore, inclusive, or there would have been no occasion to add the expression. Effect must be given to every part of the statute, if possible. (*Clary* v. *Fitzgerald*, 155 App. Div. 659.) My opinion, therefore, is that such duties as the plaintiff performed, and for which he claims compensation, under the statute are not outside the terms of the County Law, section 23-a. We must remember, too, that the Town Law, section 143-a, contemplated the receipt of fees and moneys by plaintiff while acting as supervisor. But the provision is that his salary shall be in lieu of all fees; and moneys received " in connection with his office " shall belong to the town.

*People* v. *Stoll* (*supra*) is not authority for plaintiff's claim that the district and the town are absolutely separate entities. In that case, the defendant, a lawyer, was elected a justice of the peace of the town of Oyster Bay in 1919 and re-elected in 1923. As such, he was also a member of the town board. While acting in that capacity, his law firm was appointed counsel to the commissioners of the Jericho water district and, as compensation for services performed as such counsel, was paid moneys out of the proceeds of bonds issued and sold by the town board to raise the amount of money which the commissioners specified was needed for the con-struction of the water system of that district. It was held that such employment did not constitute in the defendant an interest in a sale, lease or contract which the defendant, as member of the town board, was authorized to make or to take part in making, within the meaning of section 1868 of the Penal Law. It was further held that the statute (Penal Law, § 1868) did not expressly or by fair implication prohibit the defendant, though a member of the town board, from accepting employment by commissioners, since such employment was not an employment by the town and did not involve a contract which the defendant as an officer of the town was authorized to take part in making. To continue, in the language of the opinion: " Compensation received for services as counsel to the commissioners is, in no sense, compensation for any official act he was authorized to perform as an officer of the town. If such appointment was not prohibited by law, then he could lawfully receive the stipulated compensation and the trial justice correctly dismissed the indictment for taking unlawful fees. If prohibited by law we must find such prohibition within the pro-visions of section 1868 of the Penal Law." I cannot see that this case helps the plaintiff, in the light of the clear language of section 23-a of the County Law.

Plaintiff's conclusion is that, as supervisor, additional burdens were imposed upon him incidental to the sale of the bonds and the application of the proceeds of tax collection to the payment of the bonds. From this it is argued that the expense of his undertaking is provided by the Town Law, and that since the services are not for the town, but for the water or sewer districts, it is only fair that the district should pay for these services the amount fixed by the Legislature, " for the district and not the town pays for them." Perhaps that is all true, and there would be no controversy were it not for the existing laws pursuant to which the plaintiff receives compensation by way of salary. I cannot see, either, how the plaintiff derives much comfort from his argument that section 23-a of the County Law went into effect on May 21, 1917, while the sections of the Town Law, under which he claims, went into effect on April 19 and April 30, 1926. The argument is presented to us that these later statutes are repugnant to the former, and we are referred to *People ex rel. Fowler* v. *Bull* (46 N. Y. 57, 68) and *Harrington* v. *Trustees of Rochester* (10 Wend. 547). I do not think they are repugnant. Plaintiff's compensation was provided by the Legislature on a salary basis. It contemplated, as I have already stated, that fees would be paid to the plaintiff, but that these fees should become the property of the town, since the plaintiff was compensated by salary. All that the new sections provided, that is, sections 237 and 288 of the Town Law, was that the plaintiff should retain a commission of one per cent. This he did. But under the existing law, effective since 1917, it became the property of the town. Plaintiff relies upon *People ex rel. Wildey* v. *Stout* (15 How. Pr. 159), where, prior to the Laws of 1847, chapter 432, the register was entitled to all fees. The act of 1847 substituted a salary and directed the city to receive the fees. Later, in 1853, the act of 1847, in so far as it affected the register, was repealed. The court held that the office of the register was thereby reinstated in its former condition prior to the act of 1847. That case, I think, is not in point. Plaintiff also calls our attention to other provisions of the Town Law as to other kinds of districts where no mention is made of any percentage for supervisors, as, for instance, public dock districts and sidewalk districts (Arts. XI-A and XI-B). However, this is not helpful if it was the intent of the Legislature that the percentages should be paid to the town under section 143-a.

The duties for which the plaintiff claims the compensation relate to his office as town supervisor, and are, therefore, within the terms of both County Law, section 23-a, and Town Law, section 143-a. The plaintiff was not acting as disbursing agent or

treasurer of the water district. It is provided by section 237 that in case the moneys received on the sale of bonds shall be paid over to the sewer commissioners, they shall select one of their members to act as treasurer, who shall furnish an undertaking. The same language is used in section 288, substituting " water " for " sewer." So it would seem that the legislative view was that the supervisor is acting for the town and that when a treasurer is required for the water district, one is to be chosen by its commissioners. A case closely in point and supporting this principle is *People ex rel. Studwell* v. *Archer* (142 App. Div. 71). There, the supervisor of the town of Rye was made a member of the board of park commissioners by the enactment of a statute (Laws of 1907, chap. 711) which had for its purpose the acquisition of lands for a town park by the town of Rye. The statute imposed on the " supervisor of the town of Rye " duties with reference to the issue of bonds and the disbursement of the funds derived therefrom. The supervisor claimed one per cent commission under the terms of the Town Law (§ 85, subd. 3). This subdivision provides that the supervisor of each town shall be allowed and paid a fee of one per cent on all moneys paid out by him as such supervisor. The statute relating to park commissioners provided that " said commissioners shall receive no compensation." Notwithstanding the latter provision, the court held that the supervisor was entitled to his commission under section 85, for the reason *that he acted, in handling the funds, as supervisor and not as commissioner.*

In *Price* v. *County of Erie* (221 N. Y. 260) it was held that the fees collected by a county clerk under a statute (Laws of 1885, chap. 502) which provided that "All the fees, emoluments and perquisites which such clerk shall charge or receive, or which he shall legally be authorized, required or entitled to charge or to receive, shall belong to the county of Erie," notwithstanding a Federal statute authorizing the clerk to collect fees in naturalization cases, belong to the county and not to the clerk.

In my opinion, the defendants here must prevail, and judgment should, therefore, be entered in favor of them against the plaintiff to the effect that the plaintiff pay to the town of Oyster Bay the sums retained by him as commissions, together with accrued interest thereon, with costs payable out of the fund now on deposit.

Present — LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and CARSWELL, JJ.

On agreed statement of facts, judgment unanimously directed for defendants, with costs payable out of the fund.