Chief Judge Desmond (dissenting).
Defendant Lister, while Mayor of the defendant village, sold to the village a piece of land and was paid $4,300 therefor. Obviously, and as both courts below unanimously held, this transaction was illegal under former section 332 of the Village Law. Just as obviously the Mayor was, under section 1868 of the Penal Law as it then read, guilty of a misdemeanor in selling his own land to the village of whose government he was the elected head. Plaintiff as a taxpayer sued for a judgment requiring Lister to pay back the $4,300. Such restitution was ordered. But all teeth were taken from this sanction by a further direction of the court that the deed from the Mayor to the village be declared invalid—in other words, that he get back title to the land. On several grounds, that latter part of the judgment below was clearly erroneous.
In the first place, no such relief was asked by the defendants, possibly because of the extraordinary circumstance that, despite the wrongfulness of the transaction and the undoubted conflict of interest, the Mayor and the village were represented in the suit by the same attorneys and served a joint answer. Even if the defendants had prayed in their answer for the reconveyance of the land, such a prayer should as matter of law have been denied under the rules settled in Flegenheimer v. Brogan (284 N. Y. 268); Stone v. Freeman (298 N. Y. 268), and Seagirt Realty Corp. v. Chazanof (13 N Y 2d 282). The Mayor, demanding the return of his deed, should have been denied relief under the old and healthy rule that a party to an illegal deal cannot have the aid of the courts in recovering the money he paid or the property he conveyed in carrying out that unlawful pact.
The Appellate Division in decreeing that the Mayor lose nothing by his unlawful act (and in effect requiring the village to pay for the land illegally sold) was moved by a belief that he had no “ corrupt intent or desire for personal profit ” and that ‘ all the parties were actuated solely by a desire to spare the village the expense and the delay of acquiring title to the land through a formal condemnation proceeding. ’ ’ The grounds for this belief are not explained. There was no trial of the action and no such alleged facts were in any way established. And, even if such were the facts, they would be irrelevant. Statutes like those violated here express a strong public policy, ‘ ‘ a rule of necessity, which the test of experience has rendered inflexible ” (Smith v. City of Albany, 61 N. Y. 444, 446). It is, there *758 fore, the bounclen duty of the courts to enforce them with vigor and without considering any alleged equities, or any effect on individual suitors (People v. Stoll, 242 N. Y. 453, 460; Heughes v. Board of Educ., 37 App. Div. 180, 183; People ex rel. Schenectady Illuminating Co. v. Board of Supervisors, 166 App. Div. 758; Beebe v. Board of Supervisors, 64 Hun 377, affd. 142 N. Y. 631).
The order should be modified by eliminating the clause numbered “ (3) ” of the order and, as so modified, affirmed, with costs to plaintiff in all courts against defendant Lister.
Order affirmed.